MARVIN S. PUTNAM (*admitted pro hac vice*)
MATTHEW G. MRKONIC (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, California  90067-6035
Telephone:     (310) 553-6700
Facsimile:      (310) 246-6779
Email: mputnam@omm.com
Email: mmrkonic@omm.com
          -and-
JOHN T. MORAN, JR. (Nevada Bar #2271)
JEFFERY A. BENDAVID (Nevada Bar #6220)
MORAN LAW FIRM LLC
630 South Fourth Street
Las Vegas, Nevada 89101
Telephone:     (702) 384-8424
Facsimile:      (702) 384-6568
Email: john.moran@moranlawfirm.com
Email: j.bendavid@moranlawfirm.com
*Attorneys for Defendants*
*S&R PRODUCTION COMPANY and ROY*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OLIVER PREISS, *et al.*,<br><br>                Plaintiffs,<br><br>        v.<br><br>S&R PRODUCTION COMPANY, *et al.*,<br><br><br>                Defendants. | Case No. 2:10-cv-01795-RLH-(RJJ)<br><br>Hon. Roger L. Hunt<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[F.R.C.P. 12(b)(1) and 12(b)(6)]**<br><br>Filed Concurrently: Request For Judicial Notice In Support Of Motion To Dismiss; Declaration Of Marvin S. Putnam In Support Thereof |

1
2
3

**TABLE OF AUTHORITIES**.

### CASES

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Ashcroft v. Iqbal*,
-- U.S. --, 129 S. Ct. 1937 (2009) .................................................................. 5

*Barmettler v. Reno Air, Inc.*,
956 P.2d 1382 (Nev. 1998) ....................................................................... 14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................. 5

*Chowdhry v. NLVH, Inc.*,
851 P.2d 459 (Nev. 1993) ......................................................................... 14

*Claver v. Coldwell Banker Residential Brokerage Co.*,
2009 WL 801869 (S.D. Cal. Mar. 25, 2009) ........................................... 6

*Crippens v. Sav On Drug Stores*,
961 P.2d 761 (Nev. 1998) .......................................................................... 13

*Daggitt v. United Food & Commercial Workers Int'l Union, Local 304A*,
245 F.3d 981 (8th Cir. 2001) .................................................................... 6

*Epps v. Phx. Elementary Sch. Dist.*,
2009 WL 996308 (D. Ariz. Apr. 14. 2009) ............................................. 12

*Gardias v. Cal. State Univ.*,
2009 WL 2057773 (N.D. Cal. July 14, 2009) ......................................... 12

*Graham v. Bryce Corp.*,
348 F. Supp. 2d 1038 (E.D. Ark. 2004) .................................................. 12

*Grotts v. Zahner*,
989 P.2d 415 (Nev. 1999) ........................................................................ 13

*Hamilton v. Aubrey*,
2008 WL 1774469 (D. Nev. Apr. 15, 2008) ............................................ 6

*In re Mattel*,
588 F.Supp.2d 1111 (C.D. Cal. 2008) .................................................... 10

*Kennedy v. Carriage Cemetery Servs.*,
--- F. Supp. 2d ---, 2010 WL 2926083 (D. Nev. July 19, 2010) ............. 15

*Miller v. Maxwell's Int'l Inc.*,
991 F.2d 583 (9th Cir. 1993) ...................................................................... 8

*Mullahon v. Union Pac. R.R.*,
64 F.3d 1358 (9th Cir. 1995) ...................................................................... 7

*Padilla v. Bechtel Constr. Co.*,
2007 WL 1219737 (D. Ariz. Apr. 25, 2007) ........................................... 13

*Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*,
685 F.Supp.2d 1123 (D. Hawaii 2010) .................................................... 10

*Ray v. Henderson*,
 217 F.3d 1234 (9th Cir. 2000) ................................................................... 9

*Shah v. Mt. Zion Hosp. & Med. Center*,



**MORAN LAW FIRM** LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

642 F.2d 268 (9th Cir. 1981) ............................................................................................... 11

*Shoen v. Amerco*,
896 P.2d 469 (Nev. 1995)...................................................................................................... 15

*Smith v. Cheesecake Factory Rests., Inc.*,
2010 WL 441562 (M.D. Tenn. Feb. 4, 2010)......................................................................... 6

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ............................................................................................ 9, 10

*Steidl v. Gramley*,
151 F.3d 739 (7th Cir. 1998) ............................................................................................... 14

*U.S. v. S. Cal. Edison Co.*,
300 F. Supp. 2d 964 (E.D. Cal. 2004) ................................................................................... 9

*Vasquez v. Cnty. of L.A.*,
349 F.3d 634 (9th Cir. 2003) ............................................................................................... 11

*Wallin v. Minn. Dep't of Corr.*,
153 F.3d 681 (8th Cir. 1998) .......................................................................................... 11, 12

*WEC Holdings, LLC v. Juarez*,
2008 WL 345792 (D. Nev. Feb. 5, 2008) ............................................................................. 10

*Zenaty-Paulson v. Mclane/Sunwest, Inc.*,
2000 WL 33300666 (D. Ariz. Mar. 20, 2000)....................................................................... 12

**STATUTES**

42 U.S.C. § 2000e............................................................................................................... 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MORAN LAW FIRM** LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEVADA, AND TO PLAINTIFFS AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that defendants S&R Production Company and Roy

Horn hereby move to dismiss all causes of action against defendant S&R, and the Sixth

cause of action against Roy Horn, for lack of subject matter jurisdiction and for failure to

state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated:  October 22, 2010

Respectfully submitted,

/s/: John T. Moran, Jr. Esq.
JOHN T. MORAN, JR. (Nevada Bar #2271)
JEFFERY A. BENDAVID (Nevada Bar #6220)
MORAN LAW FIRM LLC
630 South Fourth Street
Las Vegas, Nevada 89101
-and-
MARVIN S. PUTNAM (*admitted pro hac vice*)
MATTHEW G. MRKONIC (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, California  90067-6035
*Attorneys for the Defendant*
*S&R PRODUCTION COMPANY*
*and ROY HORN*

2

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

## MEMORANDUM OF POINTS AND AUTHORITIES.

## I.      INTRODUCTION.

Plaintiff Oliver Preiss ("Mr. Preiss") is a physical therapist who, according to the allegations of his complaint, assisted defendant Roy Horn ("Roy") with Roy's most basic human needs, including grooming and getting dressed.  Roy is a well-known performer whose show, "Siegfried & Roy," was a Las Vegas mainstay.  As is also well-known, Roy was tragically injured by one of the white tigers that performed in his show.  As a result of those injuries, Roy, who is now in his sixties, requires help with even his most basic needs.

In an understandable but grossly misplaced display of trust, Roy invited Mr. Preiss into his home to help him recover from his injuries.  Mr. Preiss took advantage of Roy's trust, his age, and his medical condition in a scheme to extract from Roy the fruits of his successful show.  Specifically, as alleged in the complaint, Mr. Preiss somehow obtained so-called "surveillance videos" of supposed sexual conduct that took place in the privacy of Roy's home.  When these purported "surveillance" videos failed to produce a monetary payoff, Mr. Preiss resorted to a different strategy:  he claimed (for the first time) that the purported conduct that took place in Roy's own home somehow created a hostile "work environment" because that was where Mr. Preiss worked.  While a trial would expose the ridiculous nature of Mr. Preiss's claims on the merits, many of his claims must first be dismissed on the pleadings due to their legal and factual deficiencies.

***Mr. Preiss's Claims Against S&R.***  Mr. Preiss brings four claims under Title VII of the Civil Rights Act of 1964—not against Roy, but against a company co-owned by Roy, S&R Production Company ("S&R").  To state a claim under Title VII, Mr. Preiss

3

must allege that he was employed by a company with at least fifteen employees. Roy, for whom Mr. Preiss worked, is not a company, nor does he have at least fifteen employees. Knowing that he cannot sue Roy under Title VII, Mr. Preiss instead sued S&R. But Mr. Preiss fails to allege a single *fact* suggesting that he had an employment relationship with S&R. Mr. Preiss does not allege that S&R paid him any compensation, nor does he allege that he performed any services for S&R. Rather, every fact alleged in the complaint indicates that Mr. Preiss worked for Roy as a personal assistant, not as an employee of Roy's company, S&R. Accordingly, Mr. Preiss fails to state a claim under any theory of Title VII. Similarly, because he failed to plead any employment relationship with S&R, Mr. Preiss fails to state a claim for *respondeat superior* liability stemming from Roy's purported conduct. This Court should thus dismiss all causes of action against S&R.

**Mr. Preiss's Retaliation Claim.** As a separate matter, Mr. Preiss's Title VII retaliation claim also must be dismissed because the allegations of that claim contradict Mr. Preiss's prior sworn (and judicially noticeable) statements, *and* because Mr. Preiss failed to exhaust his administrative remedies. Mr. Preiss's retaliation claim is premised on the theory that Roy "***terminated***" his employment to retaliate against him, but Mr. Preiss admitted under oath in his EEOC charge (which is incorporated by reference in his complaint) that he "***quit***" because of alleged harassment.[1] This Court need not accept allegations contradicting Mr. Preiss's own testimony, even in the context of a Rule 12(b)(6) motion. Additionally, because Mr. Preiss's EEOC charge did not allege retaliation or assert that he was terminated, Mr. Preiss has also failed to exhaust his

---

[1] Emphasis added and quotation marks and internal citations omitted throughout unless otherwise noted.

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

administrative remedies regarding such a claim. Accordingly, this Court should dismiss Mr. Preiss's retaliation claim for lack of jurisdiction.

*Mrs. Preiss's NIED Claim.* Mrs. Preiss (Mr. Preiss's wife) alleges she suffered emotional distress by viewing surveillance videos shown to her by her husband. Mrs. Preiss fails to state a claim. Under Nevada law, Mrs. Preiss could only recover for negligent infliction of emotional distress ("NIED") if she "contemporaneously observed" a shocking and violent incident. Viewing a video of alleged sexual conduct, *after the fact*, does not fall within that rubric. Further, Mrs. Preiss does not allege that she suffered the kinds of severe emotional and physical injuries required to state a claim for NIED. Thus, her claim must be dismissed.

*Mr. Preiss's NIED Claim.* Mr. Preiss's own NIED claim also fails. Mr. Preiss's allegations are of intentional, not negligent, conduct. While Nevada law permits NIED claims by certain *bystanders* to an intentional tort (such as Mrs. Preiss, if she had contemporaneously observed the conduct and suffered the requisite emotional distress), the direct victims of intentional torts must sue under the intentional torts themselves, not for NIED. Thus, Mr. Preiss's NIED claim also must be dismissed.

## II.   FACTUAL BACKGROUND AS ALLEGED IN THE COMPLAINT

The following allegations are taken from plaintiffs' complaint. They are assumed to be true solely for purposes of this motion. In fact, defendants strongly disagree with the salacious factual allegations that form the basis of plaintiffs' claims.

### A.   Defendants S&R Production Company And Roy Horn.

Defendant Roy Horn and Siegfried Fischbacher ("Siegfried")—better known simply as "Siegfried and Roy"—are renowned Las Vegas performers whose eponymous

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

5

show played at the Mirage until 2003. (Compl. ¶ 17.) Siegfried and Roy co-own defendant S&R Production Company. (*Id.* ¶ 12.) S&R is affiliated with Siegfried & Roy Enterprises, Siegfried & Roy Foundation, and S&R Presents, through which Siegfried and Roy conduct the business of their show and engage in their extensive charitable activities. (*Id.* ¶ 14.) Siegfried and Roy handle their personal affairs through a separate entity, Lexington Financial Management, LLC ("Lexington"). (*Id.* ¶ 15.)

Roy tragically suffered permanent injuries when he was mauled by one of the white tigers that performed in his show. (*Id.* ¶ 17.) As a result of his injuries, Roy needs assistance "around the clock" with "all his daily needs, for example getting dressed, grooming, and running errands." (*Id.* ¶ 19.) Roy employs a number of assistants to help him with these basic needs. (*Id.*) Roy retains his assistants through a specialized agency. (*Id.* ¶ 31.)

**B.   Plaintiffs Oliver And Beatrice Preiss.**

Mr. Preiss claims he is a "highly trained Physical Therapist" who began working for Roy in mid-2008. (Compl. ¶ 21-24, 27.) Despite alleging that he is a "highly trained Physical Therapist," and despite alleging that Roy suffered injuries clearly requiring physical therapy, Mr. Preiss claims that none of the work he did for Roy required his allegedly extensive "expertise." (*Id.* ¶ 26.) Instead, Mr. Preiss alleges that he "performed like any other of the assistants," and his duties included activities such as "dressing [Roy], running errands, making travel arrangements, and accompanying him to doctor's appointments, shopping, and on international trips." (*Id.* ¶ 27.) Mr. Preiss claims, however, that unlike Roy's other assistants, he was not retained through an employment

6

agency.  (*Id.* ¶ 31.)  Instead, Mr. Preiss came to work for Roy after a supposed chance encounter with Siegfried on the street.  (*Id.* ¶ 21-24.)

Mr. Preiss does not allege that he performed any services for the Siegfried & Roy show, or that his services related in any way to the business of Siegfried & Roy.  Instead, Mr. Preiss alleges that his duties, "like any other of the assistants," were to help Roy with his basic personal needs.  (*Id.* ¶ 27.)  Notably, Mr. Preiss alleges that Roy operates "in his individual name" through Lexington (*id.* ¶ 15), not through S&R.  Mr. Preiss nonetheless alleges that he "worked for" S&R for approximately two years (*id.* ¶ 2, 22, 30), even though he does not allege that he was compensated by S&R or that he performed any services for S&R.

**C.      Plaintiffs' Allegations.**

According to Mr. Preiss, Roy allegedly made sexual overtures to him (*id.* ¶¶ 38-39), and Mr. Preiss ostensibly rejected those advances.  (*Id.* ¶¶ 44-45.)  Mr. Preiss—who alleges that he was employed as a personal assistant to Roy, not in any capacity involving security—further alleges that he somehow came into possession of "[s]urveillance videos" that show various sexual conduct occurring in his "workplace"—*i.e.*, in Roy's home.  (*Id.* ¶ 55.)

Tellingly, Mr. Preiss does not explain how or why he came into possession of these videos, who recorded them, or whether they were recorded with the permission or knowledge of the persons recorded.  Mr. Preiss does allege, however, that he showed the videos to his wife.  (*Id.* ¶ 57.)  Mrs. Preiss alleges the videos created tension in the Preiss's marriage, and her claims are based solely on the fact that her husband chose to show her

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

the videos.  (*Id.*)  Mrs. Preiss does not allege she had any connection or contact with Roy other than watching the videos Mr. Preiss somehow possessed and chose to show her.

In his complaint, Mr. Preiss alleges that Roy told him to return the keys to Roy's house and that "as a result [he] has been discharged."  (*Id.* ¶¶ 53-54.)  In his EEOC charge, however, Mr. Preiss declared under penalty of perjury that he "could no longer endure the sexual harassment and felt compelled to quit [his] employment."[2]  (Declaration of Marvin S. Putnam In Support of Concurrently Filed Request For Judicial Notice ("Putnam Decl."), Ex. A.)

### III.   DISCUSSION.

To survive a Rule 12(b)(6) motion, plaintiffs must state "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.  Nor must this Court "accept as true a legal conclusion couched as a factual allegation."  *Id*. at 1949-50.  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id*. at 1949. This Court may begin its consideration of a motion to dismiss "by identifying pleadings

---

[2] This Court may consider Mr. Preiss's EEOC charge on a motion to dismiss because he incorporates the document by reference into his complaint.  (*See* Compl. ¶ 61.) Concurrently herewith, defendants have filed a request for judicial notice attaching a copy of the EEOC charge.

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950.

### A.    Mr. Preiss's Claims Against S&R Should Be Dismissed.

S&R is named as a defendant to all eight claims alleged in the complaint. But the complaint does not allege any factual basis for holding S&R liable under any legal theory. Instead, the complaint itself alleges facts demonstrating that S&R is not responsible for plaintiffs' alleged injuries—and that plaintiffs have sued S&R solely and specifically because Roy cannot be held individually liable for alleged violations of Title VII.

### 1.    Mr. Preiss Does Not And Cannot Allege Any Facts That Would Support His Conclusory Allegation That S&R Was His Employer.

Mr. Preiss baldly alleges that "[a]t all times relevant herein, Plaintiff Preiss was an employee of Defendant S&R and Horn." (Compl. ¶ 2; *see also id.* ¶ 30.) This legal conclusion—that an employment relationship allegedly existed between Mr. Preiss and S&R—need not be accepted as true by this Court, even for purposes of deciding a motion to dismiss.[3] *See Claver v. Coldwell Banker Residential Brokerage Co.*, 2009 WL 801869,

---

[3] This is especially true where, as here, a plaintiff's allegations are internally inconsistent. *See, e.g.*, *Hamilton v. Aubrey*, 2008 WL 1774469, at *1 (D. Nev. Apr. 15, 2008) (courts need not accept factually inconsistent allegations). Specifically, Mr. Preiss alleges that his employment relationship with S&R and Roy lasted "approximately two years." (Compl. ¶ 30.)    But this claim is undercut by other factual allegations in the complaint. Although Mr. Preiss alleges that he met Siegfried almost exactly two years before he was purportedly terminated  (Compl. ¶ 21, 53), he also alleges there was a significant period of time between that meeting and when he became an employee.  After meeting Siegfried, Mr. Preiss initially worked only "*sporadically*"—*i.e.*, not as an employee.  (Compl. ¶ 23.)  Only "*[g]radually*" did Roy request that he work "more frequently and more hours."  (Compl. ¶ 24.)  "*Eventually*," this "became full-time employment." *Id*.  Thus, by Mr. Preiss's own admission, his ostensible employment was shorter—significantly shorter—than the two years he alleges.

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

at *3 (S.D. Cal. Mar. 25, 2009) (holding "conclusory allegation that [Plaintiff] was Defendant's employee, without more, does not meet [the Rule 12(b)(6) pleading standard"); *cf. Smith v. Cheesecake Factory Rests., Inc.*, 2010 WL 441562, at *13 (M.D. Tenn. Feb. 4, 2010) (plaintiffs' Title VII action fails because they "made only vague and conclusory allegations of [defendants'] status as employers").

"Central to the meaning of these words [employer and employee] is the idea of compensation in exchange for services:  an employer is someone who pays, directly or indirectly, wages or a salary or other compensation to the person who provides services— that person being the employee." *Daggitt v. United Food & Commercial Workers Int'l Union, Local 304A*, 245 F.3d 981, 987 (8th Cir. 2001).  In other words, there are, at minimum, two *facts* that must be alleged to adequately plead the existence of an employment relationship:  (1) the alleged employer provided compensation; and (2) the alleged employee provided services to the alleged employer.  The allegations against S&R fail on both counts.

First, Mr. Preiss does not allege—and cannot truthfully allege—that S&R paid him any compensation.  "Compensation is an essential condition to the existence of an employer-employee relationship.  Without compensation, no combination of other factors will suffice to establish the relationship." *Id.*  Mr. Preiss does not allege that S&R paid him.  Indeed, Mr. Preiss does not allege a single fact to even suggest S&R might have paid him.  To the contrary, Mr. Preiss provides facts that make clear why S&R did not pay him.  Mr. Preiss explains that his duties were to "help [Roy] with all his daily needs." (Compl. ¶ 19.)   Mr. Preiss further alleges that Roy operates "in his individual name" through



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

10

Lexington—*not S&R*.  (*Id.* ¶ 15.)  Mr. Preiss alleges that S&R is one of at least four "Siegfried & Roy" entities (*id.* ¶ 14), but Mr. Preiss does not allege that he had anything to do with the "Siegfried & Roy" show or business.  Thus, Mr. Preiss's own allegations are factually inconsistent with S&R compensating him and legally inconsistent with his conclusory allegation that he was an S&R employee.

Second, Mr. Preiss does not allege—and cannot truthfully allege—that he performed any services for S&R.  Mr. Preiss alleges that the services he provided included "dressing [Roy], running errands, making travel arrangements, and accompanying him to doctor's appointments, shopping, and on international trips."  (*Id.* ¶ 27.)  Mr. Preiss alleges that his place of business was Roy's house, to which he was given keys, and that he accompanied Roy on various personal errands and trips.  (*Id.* ¶¶ 27, 46.)  Those allegations support the conclusion that Mr. Preiss provided services to Roy.  They do not, however, support the conclusion that Mr. Preiss provided any services to S&R.  Every fact alleged indicates that Roy employed Mr. Preiss solely in Roy's personal capacity, not as a part of the S&R business.  According to Mr. Preiss, even his hiring and alleged termination were conducted personally by Roy.  (*Id.* ¶¶ 24, 53-54.)

Because he fails to allege that he was compensated by S&R, or that he performed any services for S&R, Mr. Preiss fails adequately to allege that he was employed by S&R.  Absent such an allegation, there is no basis for holding S&R liable.  Mr. Preiss baldly alleges, again as a mere legal conclusion, that "S&R is liable to Plaintiff for the acts committed by Defendant [Roy] by virtue of the doctrine of *Respondeat Superior*."  (*Id.* ¶¶ 92, 100, 112, 128.)  "Under the theory of *respondeat superior*, an employer is liable for

**Moran Law Firm** LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

11

the intentional assaults committed by its employee in furtherance of the employer's business." *Mullahon v. Union Pac. R.R.*, 64 F.3d 1358, 1362 (9th Cir. 1995). None of the acts alleged in the complaint, however, were alleged to be committed "in furtherance of" S&R's business—*i.e.*, the business of "Siegfried & Roy." To the contrary, all of the acts alleged in the complaint were allegedly committed in the furtherance of Roy's personal care, at Roy's home and/or during Roy's pursuit of personal activities such as shopping and traveling. No facts alleged in the complaint support application of the legal theory of *respondeat superior* against S&R.[4]

Because Mr. Preiss has failed to allege facts supporting the conclusion that S&R was his employer, there is no basis for holding S&R liable for Roy's alleged conduct. This Court should thus dismiss Mr. Preiss's Fourth, Fifth, Sixth, and Eighth causes of action against S&R.

### 2. Roy Cannot Be Held Liable Under Title VII Because Title VII Does Not Provide For Liability Against Individuals.

Mr. Preiss's claims against S&R (which Mr. Preiss knows was not his employer) appear bizarre until his motivation, which is clear on the face of the complaint, is laid bare: Mr. Preiss named S&R as a defendant solely because Roy, to whom Mr. Preiss actually provided services, cannot be held liable under Title VII. *See, e.g.*, *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (holding that because Congress drafted Title VII with the intent to "protect small entities with limited resources from liability," it is "*inconceivable*" that Congress meant to permit liability against individuals).

---

[4] While Mr. Preiss does allege that Roy is a co-owner of S&R (Compl. ¶ 12), that allegation is irrelevant to the doctrine of *respondeat superior*. S&R is no more liable for what Roy does in his own home than MGM would be for what its shareholders do in theirs.

12

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Only corporations with more than 15 employees are subject to Title VII.  *See* 42 U.S.C. § 2000e(b) ("employers" must have at least fifteen employees).  Mr. Preiss is well aware of this fact.  Mr. Preiss specifically alleges that S&R has more than 15 employees, which is a fact of no other significance.  (Compl. ¶ 13.)  Mr. Preiss does not allege that Roy has more than 15 employees.  Thus, Mr. Preiss alleges his Title VII claims only against S&R—not Roy.

The fact that Roy cannot be held liable under Title VII, however, does not give Mr. Preiss license to plead Title VII claims haphazardly against any entity he can find, even if that entity is not his employer.  As discussed above, Mr. Preiss has alleged no facts that would support the conclusion that S&R was his employer.  Thus, Mr. Preiss fails to allege an essential element of his Title VII claims.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006) (having an "employer" is a required element of a Title VII claim).

Accordingly, Mr. Preiss's First, Second, Third, and Seventh causes of action—all of which arise under Title VII and all of which are alleged only against S&R—should be dismissed in their entirety.  This Court should thus grant this motion and dismiss S&R as a defendant.

**B.    Mr. Preiss's Title VII Retaliation Claim Should Be Dismissed With Prejudice.**

As set forth above, all of Mr. Preiss's Title VII claims should be dismissed (and, while the Court might grant Mr. Preiss leave to amend to allege facts supporting his claim that S&R was his employer, Mr. Preiss cannot allege that he was compensated by S&R or that he performed services for S&R, so any such amendment would be futile).  Mr. Preiss's retaliation claim under Title VII should also be dismissed (without leave to

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

13

amend) for two additional reasons:   his retaliation claim is contrary to his sworn

declaration, and he failed to exhaust his administrative remedies regarding such a claim.

   For Mr. Preiss to state a *prima facie* case of retaliation, he must allege: (1) he

engaged in a protected activity under Title VII; (2) he was subjected to an adverse

employment action; and (3) a causal link exists between the protected activity and the

adverse action.   *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).   Mr. Preiss

alleges he was subject to an adverse employment action because he was "terminat[ed]"

(Compl. ¶ 117.)   But as those facts were absent from—and indeed contradicted by—his

sworn statement in his EEOC charge, Mr. Preiss cannot now state a valid claim for

retaliation.

### 1.   Mr. Preiss's Retaliation Allegations Contradict His Prior Sworn Statement In His EEOC Charge.

   Mr. Preiss's retaliation claim should be dismissed because it is directly

contradicted by allegations contained in his EEOC charge, and on a motion to dismiss

"[a]llegations in the complaint *may be disregarded* if contradicted by facts established by

[judicially noticeable] exhibits attached to the complaint."   *U.S. v. S. Cal. Edison Co.*, 300

F. Supp. 2d 964, 970 (E.D. Cal. 2004); *see also Sprewell v. Golden State Warriors*, 266

F.3d 979, 988 (9th Cir. 2001) (holding that while courts generally accept factual

allegations in a complaint when ruling on a motion to dismiss, "court[s] need not,

however, accept as true allegations that contradict matters properly subject to judicial

notice."); *Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*, 685 F.Supp.2d 1123, 1127

(D. Haw. 2010) ("the court need not accept as true allegations that contradict matters

properly subject to judicial notice"); *In re Mattel*, 588 F.Supp.2d 1111, 1115 (C.D. Cal.

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

2008) (same); *WEC Holdings, LLC v. Juarez*, 2008 WL 345792, at *2 (D. Nev. Feb. 5, 2008) (same).

In his complaint, Mr. Preiss alleges he "engaged in protected activity when he complained of/opposed Defendant [Roy's] conduct" and that S&R "retaliated" against him by "terminating him." (Compl. ¶¶ 116-17.) According to Mr. Preiss, Roy told him "to stay home and quit coming to work." (*Id.* ¶ 52.) Mr. Preiss further alleges that Roy requested that Mr. Preiss return his keys to Roy's house, where Mr. Preiss worked. (*Id.* ¶ 53.) Mr. Preiss alleges he never returned to work "and as a result has been discharged." (*Id.* ¶ 54.)

In his EEOC charge, however, Mr. Preiss reported a completely different (and inconsistent) series of events under penalty of perjury. Specifically, Mr. Preiss's EEOC charge does not allege any facts relating to a termination—rather, he alleges he "*quit [his] employment*." (*See* Putnam Decl., Ex. A.)

In these circumstances, the Ninth Circuit's decision in *Sprewell* requires the dismissal of Mr. Preiss's retaliation claim. In that case, the plaintiff had alleged that the defendants' actions were based on the plaintiff's race, but the district court rejected those allegations—and the Ninth Circuit affirmed—because the allegations contradicted judicially noticeable facts. In particular, an arbitration award attached to the complaint contradicted the allegations of discrimination. *Sprewell*, 266 F.3d at 988-89. The Ninth Circuit held: "Because the attachments to Sprewell's complaint prove fatal to his claims, we affirm the district court's disposition of Sprewell's section 1981 cause of action." *Id.* at 989.

The result must be the same here. Mr. Preiss's retaliation claim depends on the allegation that he was "discharged" from his job. That allegation, however, is directly contradicted by Mr. Preiss's own EEOC charge, in which he declared under penalty of perjury that he "quit" his job. (Putnam Decl., Ex. A.) As in *Sprewell*, this Court should



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

not credit factual allegations that contradict Mr. Preiss's own sworn testimony in a document that Mr. Preiss specifically incorporated by reference into his complaint. Instead, as in *Sprewell*, Mr. Preiss's retaliation claim should be dismissed as a matter of law.  Further, because Mr. Preiss cannot contradict the sworn allegations of his EEOC charge, which are fatal to his retaliation claim, the Court need not grant leave to amend.

> **2.        Mr. Preiss's Retaliation Claim Also Should Be Dismissed Because He Failed To Exhaust His Administrative Remedies.**

Even if Mr. Preiss's retaliation claim were not barred by the contradictory allegations in his EEOC charge (and it is), it should still be dismissed because Mr. Preiss failed to exhaust his administrative remedies.

This Court only has jurisdiction over Title VII claims that have been properly raised to, and investigated by, the EEOC.  *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003).  Mr. Preiss was thus required to put the EEOC on notice of both the legal theory of his claims and the underlying facts supporting them.  *See Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir. 1981).

Mr. Preiss failed to advise the EEOC of either the legal theory or the underlying facts of the retaliation claim he now asserts as his seventh cause of action.  As discussed above, Mr. Preiss did file an EEOC charge.  (Putnam Decl., Ex. A.)  But when he filed that charge, Mr. Preiss did not check the box for retaliation (he only checked the box for sex discrimination), and he did not set forth any facts indicating his employment had been terminated (to the contrary, he claimed that he quit his employment).  Notably, all of the relevant facts were known to Mr. Preiss at the time he filed his EEOC charge, and he was represented by counsel at that time.  Nevertheless, he did not include any facts or legal allegations relating to his current theory of retaliation.  Both of these critical omissions provide independent bases for dismissing his retaliation claim.

MLf

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Any contention that Mr. Preiss's allegations of sex discrimination put the EEOC on notice of a "related" retaliation claim runs afoul of settled law.  "[I]t is well established that *retaliation claims are not reasonably related to underlying discrimination claims*." *Wallin v. Minn. Dep't of Corr.*, 153 F.3d 681, 688 (8th Cir. 1998); *see also Shah v. Mt. Zion Hosp. & Med. Center*, 642 F.2d 268, 271-71 (9th Cir. 1981) (EEOC charge alleging sex discrimination does not exhaust administrative remedies for claims for retaliation or different types of discrimination).

Thus, Courts repeatedly have dismissed retaliation claims for failure to exhaust administrative remedies in circumstances identical to those here, even where the plaintiff filed an EEOC charge describing a different legal theory.  For example, in *Epps v. Phoenix Elementary School District*, 2009 WL 996308 (D. Ariz. Apr. 14. 2009), the plaintiff brought an EEOC charge and checked boxes for discrimination, but not retaliation.  The plaintiff argued that his factual recital—that "his employment contract was not renewed and that it was his belief that he had 'been discriminated against because of his race and because of his age'"—nonetheless put the EEOC on notice of his retaliation claim.  *Id.* at *3.  The court disagreed, holding that his recitation constituted "neither an allegation of retaliation nor facts supporting the [retaliation] claim Plaintiff now advances."  *Id*. Because the plaintiff in that case "pointed to no specific acts besides the fact that his contract was not renewed," the court held that—as here—plaintiff's "charge to the EEOC was narrow in scope" and did not encompass a retaliation claim.  *Id*.

Other decisions are in accord.  *See, e.g.*, *Graham v. Bryce Corp.*, 348 F. Supp. 2d 1038, 1042-43 (E.D. Ark. 2004) (dismissing retaliation claim where plaintiff's EEOC charge merely alleged race discrimination and "failed to check the box marked 'Retaliation'" or "allege any facts that would give notice" of the claim); *Gardias v. Cal. State Univ.*, 2009 WL 2057773, at *2 (N.D. Cal. July 14, 2009) (dismissing discrimination claims because, *inter alia*, plaintiff "checked only the box for 'retaliation,' not the boxes

17

for discrimination"); *Zenaty-Paulson v. Mclane/Sunwest, Inc.*, 2000 WL 33300666, at \*11 (D. Ariz. Mar. 20, 2000) (dismissing plaintiff's retaliation claims and holding that it was "unable to overlook" plaintiff's failure to check the box because plaintiff was represented by counsel, and, were the rule otherwise, "it would no longer be necessary for the charge forms to list a separate box for retaliation.").

Accordingly, Mr. Preiss's retaliation claim should be dismissed.  Nor can Mr. Preiss's claim be cured by amendment.  The failure to exhaust administrative remedies is a jurisdictional defect.  "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge"—as Mr. Preiss's complaint does here—"would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, *as surely as would an initial failure to file a timely EEOC charge*." *Wallin*, 153 F.3d at 688.  Mr. Preiss's actions undermine the purposes of the exhaustion requirement—a requirement "central to the purpose of federal anti-discrimination statutes"—"which is to provide the EEOC (or equivalent state agency) with a chance to informally resolve employment discrimination claims before resort to litigation." *Padilla v. Bechtel Constr. Co.*, 2007 WL 1219737, at \*4 (D. Ariz. Apr. 25, 2007).  Accordingly, Mr. Preiss's retaliation claim should be dismissed without leave to amend.

### C.   Mrs. Preiss's NIED Claim Should Be Dismissed With Prejudice.

#### 1. Mrs. Preiss's NIED Claim Fails As A Matter Of Law Because She Did Not *Contemporaneously* Observe The Events Alleged.

Mrs. Preiss asserts an NIED claim against defendants based on "sexual assaults and other improper sexually charged acts" allegedly committed against *Mr.* Preiss—not against *Mrs.* Preiss herself.  (Compl. ¶ 107.)  Mrs. Preiss alleges that her emotional distress resulted only from videos her husband chose to show her that allegedly involved him.  (*Id.* ¶ 57-58.)  Those allegations fail to state an NIED claim as a matter of law.


MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

1
2
3
4
5
6
7
8
9
10
11

A bystander to an action may only bring an NIED claim if that bystander was "located near the scene" and was "emotionally injured by the contemporaneous sensory observance of the accident." *Grotts v. Zahner*, 989 P.2d 415, 416 (Nev. 1999); *see also Crippens v. Sav On Drug Stores*, 961 P.2d 761, 762 (Nev. 1998) (Nevada law requires that a "bystander plaintiff . . . suffer a shock resulting from *direct emotional impact* stemming from the *sensory and contemporaneous* observance of the accident.").  By her own admission, Mrs. Preiss was neither located near the alleged events, nor did she have a *contemporaneous* observance of them.  Rather, the crux of Mrs. Preiss's NIED claim is that she "saw the surveillance videos" and that "[l]earning about" the supposed sexual abuse of her husband "caused . . . extreme emotional distress."  (Compl. ¶ 57.)

12
13
14
15
16
17
18
19
20
21
22

Mrs. Preiss fundamentally misunderstands the meaning of "contemporaneous."  By definition, observation of an action *via previously recorded video* or "[l]earning about" an event *after the fact* cannot be a "contemporaneous" observance.  (*See id*.)  Her recitation of the legal standard—that she was "emotionally injured by the *contemporaneous sensory observance* of the sexual harassment and the impact it had on her husband"—cannot alter that result.  (*Id.* ¶ 108.)  "When factual allegations conflict with a legal conclusion, the factual allegations are decisive."  *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998).  The only factual allegation contained in the complaint is that Mrs. Preiss observed the alleged acts against her husband through video recordings provided by her husband, not through contemporaneously witnessing the events first hand.  Accordingly, Mrs. Preiss fails to allege facts sufficient to constitute an action for NIED.

23
24

**2.  Mrs. Preiss's NIED Claim Also Fails As A Matter Of Law Because She Did Not Allege Sufficient Emotional Distress.**

25
26
27
28

Even if Mrs. Preiss had properly alleged that she contemporaneously observed the events alleged in the complaint (which she has not), she nonetheless fails to allege any facts that would support the conclusion that she suffered the requisite emotional distress



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

necessary to state a claim.  Mrs. Preiss alleges that defendants' actions "put extreme pressure on the Plaintiffs' marriage, and caused multiple arguments and sleepless nights" (Compl. ¶ 58), and that she was "emotionally injured" and "suffered extreme and severe emotional distress and resulting physical symptoms." (Compl. ¶ 108.)  Mrs. Preiss's first allegation of marital discord is woefully insufficient to establish emotional distress without preceding physical harm, and her second allegation of emotional distress with physical symptoms is nothing more than a threadbare recitation of the legal standard.  Neither allows her claim to survive a motion to dismiss.

The Nevada Supreme Court has held that in cases—as here—"where emotional distress damages are not secondary to physical injuries, bur rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998).  Mrs. Preiss's conclusory allegations of "severe emotional distress and resulting physical symptoms" do not adequately plead the requisite emotional distress.

Significantly, the Nevada Supreme Court has held that allegations of "[i]nsomnia and general physical or emotional discomfort are *insufficient to satisfy the physical impact requirement*." *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 463 (Nev. 1993); *see also Barmettler*, 956 P.2d at 1384, 1387 (allegations that plaintiff "contemplate[d] suicide and [sought] additional psychotherapy" did not satisfy the physical impact or injury requirement).  Here, Mrs. Preiss has not alleged she has undergone *any therapy*, taken *any medication*, or suffered *any specific physical manifestation* of her distress.  Thus, Mrs. Preiss's allegations are insufficient as a matter of law, and her NIED claim must be dismissed.



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

**D.     Mr. Preiss's NIED Claim Should Be Dismissed With Prejudice.**

Mr. Preiss's NIED claim fails for an even simpler reason:  Mr. Preiss has not alleged any negligent conduct.  Although Mrs. Preiss utterly fails to state an NIED claim, she at least attempts to shoehorn her allegations into a viable legal theory of NIED liability:  bystander liability.  Unlike the *indirect* harm of bystander liability, however, Mr. Preiss's NIED claim is based on the emotional distress he allegedly suffered because of the supposed *direct* harm done to him.  His NIED claim is thus identical to his intentional infliction of emotional distress ("IIED") claim, save for the *mens rea* element (negligence versus intent).  However, no such claim exists in Nevada.

Indeed, as another Nevada federal district court made clear just this year, "[a]lthough the names of the two causes of action imply that an NIED claim is simply an IIED claim with 'negligence' substituted for 'intent' . . . this is not so." *Kennedy v. Carriage Cemetery Servs.*, --- F. Supp. 2d ---, 2010 WL 2926083, at *7 (D. Nev. July 19, 2010).  Rather, in Nevada,[5] as in most other states, "[a] separate claim of NIED typically lies *only where the emotional harm is based on observance of a physical injury to another*, usually a close relative." *Id.*  Nevada does not permit "NIED as a separate cause of action" outside of the bystander context. *Id.*

Rather, Nevada permits plaintiffs to seek damages from "emotional harm stemming from *other intentional or negligent torts*." *Id.*  As a result, Mr. Preiss's NIED claim is not a cause of action at all, but rather a type of damage.  While Mr. Preiss *might* be able to recover damages for his emotional distress as so-called "parasitic damages" to a successful independent tort claim, he *may not* assert such damages as an independent claim.  *See id*. at *8; *see also Shoen v. Amerco*, 896 P.2d 469, 477 (Nev. 1995).  Mr.

---

[5] Only Hawaii recognizes a claim, like the one alleged by Mr. Preiss, for emotional distress caused by negligent acts that are unconnected to plaintiff's claims of direct liability. *Id*. at *8.

MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

1 Preiss's NIED claim cannot survive a motion to dismiss any more than an independent

2 claim for "compensatory damages" or "punitive damages" could.

3        Even if Nevada law permitted an NIED claim outside of the bystander context, Mr.

4 Preiss's NIED claim nonetheless "fails because Plaintiff does not allege any facts in [his]

5 complaint indicating that Defendants were negligent in any way." *Colquhoun v. BHC*

6 *Montevista Hosp., Inc.*, 2010 WL 2346607, at *3 (D. Nev. June 09, 2010) (dismissing

7 NIED claim).   To the contrary, Mr. Preiss alleges only *intentional* conduct—that Roy

8 "engaged in intentional, severe and outrageous behavior."   (Compl. ¶ 105.)   These

9 allegations of intentional discrimination and harassment, however, cannot state an NIED

10 claim absent any allegations of negligence. *See Colquhoun*, 2010 WL 2346607, at *3

11 ("Because Plaintiff alleges Defendants *intentionally* discriminated against her, her claim

12 for negligent infliction of emotional distress is improper and is hereby dismissed.").   Thus,

13 Mr. Preiss's failure to allege—even in conclusory fashion—any negligence on the part of

14 defendants is fatal to his NIED claim.

15        Because Mr. Preiss fails to state a viable legal theory or allege any negligence on

16 the part of defendants, his NIED claim should be dismissed without leave to amend.

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28



MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

1

## IV.    CONCLUSION.

2        For the foregoing reasons, defendants respectfully request that this Court grant this

3   motion to dismiss in its entirety and (1) dismiss all causes of action against defendant

4   S&R, and (2) dismiss the Sixth and Seventh causes of action against all parties without

5

6   leave to amend.

7        Dated:  October 22, 2010

8

9                                        Respectfully submitted,

10

                                         /s/: John T. Moran, Jr. Esq._____
11                                       JOHN T. MORAN, JR. (Nevada Bar #2271)
                                         JEFFERY A. BENDAVID (Nevada Bar #6220)
12                                       MORAN LAW FIRM LLC
                                         630 South Fourth Street
13                                       Las Vegas, Nevada 89101
                                                   -and-
14                                       MARVIN S. PUTNAM (*admitted pro hac vice*)
                                         MATTHEW G. MRKONIC (*admitted pro hac vice*)
15                                       O'MELVENY & MYERS LLP
                                         1999 Avenue of the Stars, Suite 700
16                                       Los Angeles, California  90067-6035
                                         *Attorneys for the Defendant*
17                                       *S&R PRODUCTION COMPANY*
                                         *and ROY HORN*
18

19

20

21

22

23

24

25

26

27

28

MI£
MORAN LAW FIRM LLC
MORAN BRANDON BENDAVID MORAN
ATTORNEYS AT LAW

630 SOUTH 4TH STREET
LAS VEGAS, NEVADA 89101
PHONE: (702) 384-8424
FAX: (702) 384-6568

23