MARVIN S. PUTNAM (*admitted pro hac vice*)
MATTHEW G. MRKONIC (*admitted pro hac vice*)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, California  90067-6035
Telephone:     (310) 553-6700
Facsimile:     (310) 246-6779
Email: mputnam@omm.com
Email: mmrkonic@omm.com

JOHN T. MORAN, JR. (Nevada Bar #2271)
JEFFERY A. BENDAVID (Nevada Bar #6220)
MORAN LAW FIRM LLC
630 South Fourth Street
Las Vegas, Nevada 89101
Telephone:     (702) 384-8424
Facsimile:     (702) 384-6568
Email: john.moran@moranlawfirm.com
Email: j.bendavid@moranlawfirm.com

Attorneys for Defendants
S&R PRODUCTION COMPANY and ROY HORN

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| OLIVER PREISS, *et al.*, | Case No. 2:10-cv-01795-RLH-(RJJ) |
| Plaintiffs, | Hon. Roger L. Hunt |
| v. | **REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| S&R PRODUCTION COMPANY, *et al.*, | |
| Defendants. | |

# TABLE OF AUTHORITIES.

## CASES

*Adcock v. Chrysler Corp.*,
   166 F.3d 1290 (9th Cir. 1999)...............................................................................3

*Anderson v. Pac. Mar. Ass'n*,
   336 F.3d 924 (9th Cir. 2003)............................................................................5, 6

*Ashcroft v. Iqbal*,
   -- U.S. --, 129 S. Ct. 1937 (2009).....................................................................3, 8

*B.K.B. v. Maui Police Dep't*,
   276 F.3d 1091 (9th Cir. 2002)............................................................................12

*Barmettler v. Reno Air, Inc.*,
   956 P.2d 1382 (Nev. 1998)................................................................................16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................................3, 8

*Burns v. Mayer*,
   175 F. Supp. 2d 1259 (D. Nev. 2001)................................................................17

*Chowdhry v. NLVH, Inc.*,
   851 P.2d 459 (Nev. 1993)..................................................................................16

*Claver v. Coldwell Banker Residential Brokerage Co.*,
   2009 WL 801869 (S.D. Cal. Mar. 25, 2009) ......................................................4

*Cohen-Breen v. Gray Television Grp., Inc.*,
   661 F. Supp. 2d 1158 (D. Nev. 2009)................................................................12

*Colquhoun v. BHC Montevista Hosp., Inc.*,
   2010 WL 2346607 (D. Nev. June 9, 2010) .......................................................17

*Crippens v. Sav On Drug Stores*,
   961 P.2d 761 (Nev. 1998)..................................................................................15

*Daggitt v. United Food & Commercial Workers Int'l Union, Local 304A*,
   205 F.3d 981 (8th Cir. 2001).........................................................................4, 5

*Doe A v. Green*,
   298 F. Supp. 2d 1025 (D. Nev. 2004) ..........................................................13, 14

*Gardias v. Cal. State Univ.*,
   2009 WL 2057773 (N.D. Cal. July 14, 2009) ...................................................11

*Graham v. Bryce Corp.*,
   348 F. Supp. 2d 1038 (E.D. Ark. 2004) ............................................................11

*Grotts v. Zahner*,
   989 P.2d 415 (Nev. 1999) ..................................................................................14

*Jones v. Calvert Grp., Ltd.*,
   551 F.3d 297 (4th Cir. 2009)..............................................................................12

*Kang v. U. Lim Am., Inc.*,
   296 F.3d 810 (9th Cir. 2002)........................................................................6, 7, 8

*Kennedy v. Carriage Cemetary Servs.*,
   --- F. Supp. 2d ---, 2010 WL 2926083 (D. Nev. July 19, 2010) .......................17

*Mullahon v. Union Pac. R.R.*,
   64 F.3d 1358 (9th Cir. 1995)..............................................................................13

i

*Nealon v. Stone*,
    958 F.2d 584 (4th Cir. 1992)................................................................................11

*NLRB v. Deena Artware, Inc.*,
    361 U.S. 398 (1960)..........................................................................................7

*Nowick v. Gammell*,
    351 F. Supp. 2d 1025 (D. Haw. 2004) .............................................................5, 6

*Ong v. Cleland*,
    642 F.2d 316 (9th Cir. 1981)............................................................................11

*Padilla v. Bechtel Constr. Co.*,
    2007 WL 1219737 (D. Ariz. Apr. 25, 2007)......................................................12

*Pierce v. Mansfield*,
    530 F. Supp. 2d 146 (D.D.C. 2008) ................................................................12

*Prell Hotel Corp. v. Antonacci*,
    469 P.2d 399 (Nev. 1970) ..........................................................................13, 14

*Scheidecker v. Arvig Enters., Inc.*,
    122 F. Supp. 2d 1031 (D. Minn. 2000) ..............................................................7

*Shoen v. Amerco, Inc.*,
    896 P.2d 469 (Nev. 1995) ................................................................................17

*Sloan v. State Farm Mut. Auto. Ins. Co.*,
    360 F.3d 1220 (10th Cir. 2004).........................................................................18

*Smith v. Cheesecake Factory Rests., Inc.*,
    2010 WL 441562 (M.D. Tenn. Feb. 4, 2010) ....................................................4

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001)............................................................................10

*State v. Eaton*,
    710 P.2d 1370 (Nev. 1985) .........................................................................15, 16

*Switzer v. Rivera*,
    174 F. Supp. 2d 1097 (D. Nev. 2001) .........................................................14, 17

*Turner v. D.C.*,
    383 F. Supp. 2d 157 (D.D.C. 2005) ................................................................12

*U.S. E.E.O.C. v. Am. Laser Centers LLC*,
    2010 WL 3220316 (E.D. Cal. Aug. 13, 2010) ................................................8, 9

*U.S. E.E.O.C. v. NCL Am., Inc.*,
    2008 WL 281524 (D. Haw. Feb. 1, 2008) .......................................................5, 6

*U.S. Football League Players Ass'n, AFL-CIO v. U.S. Football League*,
    650 F. Supp. 12 (D. Or. 1986)............................................................................7

*Vasquez v. Cnty. of L.A.*,
    349 F.3d 634 (9th Cir. 2003)......................................................................10, 11

*Wallin v. Minn. Dep't of Corr.*,
    153 F.3d 681 (8th Cir. 1998)............................................................................11

*Zenaty-Paulson v. Mclane/Sunwest, Inc.*,
    2000 WL 33300666 (D. Ariz. Mar. 20, 2000) ............................................10, 11

**STATUTES**

42 U.S.C. § 2000e ..............................................................................................5

ii

1

## I.    INTRODUCTION.

2       Plaintiffs' complaint fails to allege any facts supporting liability against defendant S&R

3   Production Company ("S&R"), and their opposition makes clear that plaintiffs cannot allege any

4   such facts.  Plaintiffs Oliver and Beatrice Preiss brought this action against S&R and defendant

5   Roy Horn ("Roy").  Mr. Preiss alleges that he was a personal assistant to Roy, but he purports to

6   assert four causes of action under Title VII solely against S&R.  Mr. Preiss's opposition does not

7   dispute that his only reason for doing so is that Roy is not subject to Title VII.  Mr. Preiss's

8   opposition also does not dispute that, as alleged in the complaint, Mr. Preiss's duties were to

9   assist Roy with basic tasks such as dressing, grooming, and running errands—not to perform any

10  services for S&R.  Thus, as set forth in defendants' motion, plaintiffs have failed to allege facts

11  sufficient to state a claim against S&R for any violation of Title VII.  (Separate and apart from

12  Mr. Preiss's failure to plead any basis for holding S&R liable, his retaliation claim must also be

13  dismissed for failure to exhaust administrative remedies and because his allegations are contrary

14  to his prior declarations under penalty of perjury.)

15      Recognizing that they cannot allege any facts to support the legal conclusion that Mr.

16  Preiss was actually employed by S&R, plaintiffs abandon that allegation in their opposition.

17  Plaintiffs now argue that S&R is supposedly a proper defendant because Roy and S&R somehow

18  are an "integrated enterprise" under Title VII.  This latest argument fails for three reasons.  First,

19  the integrated enterprise doctrine simply allows courts to consider multiple enterprises together

20  for the purpose of counting their employees to reach the statutory thresholds set forth in Title VII,

21  but it does not permit employees of one entity to sue the other.  Thus, even if Roy's and S&R's

22  employees were counted together under the integrated enterprise doctrine, Mr. Preiss still could

23  not sue S&R.  Second, the integrated enterprise doctrine cannot be applied at all to integrate a

24  corporate entity with an individual.  The test for applying the doctrine simply makes no sense in

25  the individual context because an individual is not an enterprise (integrated or not).  Third, even if

26  it were possible to apply the integrated enterprise doctrine to a corporation and an individual, Mr.

27  Preiss does not allege facts sufficient to apply the doctrine here.  Plaintiffs' cursory discussion of

28  the integrated enterprise doctrine is merely a smokescreen, and it cannot conceal the simple fact

1    that S&R was not Mr. Preiss's employer.  Thus, each of Mr. Preiss's Title VII claims must be

2    dismissed.

3         Plaintiffs' remaining claims against S&R should be dismissed for a similar reason:  S&R

4    is not responsible for any injury to plaintiffs.  Unlike Mr. Preiss's Title VII claims, plaintiffs' tort

5    claims do not necessarily require Mr. Preiss to allege that he was employed by S&R.  But

6    Plaintiffs must still allege some basis for separate liability against S&R.  Plaintiffs attempt to do

7    so under the doctrine of *respondeat superior*, pursuant to which a company (S&R) may be held

8    liable for the acts of its agent (Roy)—but only if those acts were committed within the course and

9    scope of the agency.  Plaintiffs here do not allege any facts to support the argument that Roy was

10   somehow acting as an agent for S&R when he allegedly injured plaintiffs.  To the contrary, all of

11   plaintiffs' allegations make clear that Roy was acting solely in his personal capacity.

12        Additionally, plaintiffs fail to state any cause of action against S&R or Roy for negligent

13   infliction of emotional distress ("NIED").  Mrs. Preiss's NIED claim must be dismissed because

14   she did not contemporaneously observe the alleged injuries to her husband.  Mrs. Preiss attempts

15   to state a claim based on her after-the-fact review of video recordings, but as a matter of law such

16   a review is *not* a contemporaneous observance.  Mrs. Preiss also does not allege that she suffered

17   any physical injury, which is necessary to state an NIED claim as a bystander.  Mr. Preiss's NIED

18   claim fails for a different reason.  Mr. Preiss alleges that he was the victim of intentional torts, not

19   the victim of any negligence.  Thus, Mr. Preiss cannot bring an independent claim for NIED.

20        As plaintiffs note, granting this motion will not result in the dismissal of their action, since

21   defendants only seek to dismiss certain claims alleged in the complaint.  Contrary to plaintiffs'

22   assertion, that is not because defendants do not "deny the substance of those claims."  Opp. at 2.

23   Defendants strenuously deny the substance of all of plaintiffs' claims—but this motion on the

24   pleadings is not the time and place for that dispute.  This motion seeks only to remove certain

25   inapplicable legal theories from this action, and nothing in plaintiffs' opposition can save the

26   defective allegations of the complaint on those theories.  Accordingly, this motion should be

27   granted in its entirety, and the Court should dismiss all claims alleged against S&R and plaintiffs'

28   NIED claims alleged against all defendants.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   DISCUSSION.

As set forth in defendants' motion, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs' opposition fails to acknowledge, much less adhere to, this recognized standard for a motion to dismiss.  Plaintiffs claim "the moving party must demonstrate that 'it appears beyond doubt that plaintiff can prove ***no set of facts*** in support of his claim which would entitled [sic] him to relief.'"  Opp. at 5.[1]  That is simply not the law after *Twombly*, which held that the "no set of facts" standard is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Id.* at 563.  Rather, to survive a motion to dismiss, plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009).  Plaintiffs here utterly fail to do so.

### A.   Mr. Preiss's Title VII Claims Must Be Dismissed.

To state any Title VII claim against S&R, Mr. Preiss must allege that S&R was his employer.  *See, e.g.*, *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999).  As defendants explain at length in their motion, Mr. Preiss's threadbare allegation that he was employed by S&R cannot survive a motion to dismiss.  In fact, in his opposition, Mr. Preiss abandons any allegation that S&R employed him directly.  He instead now argues that because he was employed by Roy, he was necessarily employed by S&R under the "integrated enterprise" doctrine.  That doctrine thus forms the sole basis for Mr. Priess's allegation that he was employed by S&R.  Because Mr. Preiss fails to argue S&R employed him directly, and because the "integrated enterprise" doctrine has absolutely no application to this case, Mr. Preiss's Title VII claims must be dismissed without leave to amend.

### 1.   Mr. Preiss Fails To Allege S&R Was His Employer.

As set forth in defendants' motion, Mr. Preiss fails to allege any facts supporting the claim that S&R was his employer.  Mr. Preiss does not dispute that the bare allegation of an

---

[1] Emphasis added and internal citations omitted throughout unless otherwise noted.

3

1    employment relationship is a legal conclusion that need not be accepted as true, even in the

2    context of a motion to dismiss.  *See Claver v. Coldwell Banker Residential Brokerage Co.*, 2009

3    WL 801869, at *3 (S.D. Cal. Mar. 25, 2009); *see also Smith v. Cheesecake Factory Rests., Inc.*,

4    2010 WL 441562, at *13 (M.D. Tenn. Feb. 4, 2010).  Mr. Preiss also does not dispute that to

5    allege facts supporting the legal conclusion that an employment relationship existed, he had to

6    allege that the putative employer provided him with compensation and that he provided services

7    to the putative employer.  *See Daggitt v. United Food & Commercial Workers Int'l Union, Local*

8    *304A*, 205 F.3d 981, 987 (8th Cir. 2001).  Indeed, Mr. Preiss does not even attempt to deal with

9    *Claver*, *Smith*, or *Daggitt* in his opposition.

10           To the contrary, Mr. Preiss admits in his opposition all of the facts, alleged in the

11   complaint, that make clear S&R was *not* Mr. Preiss's employer.  As Mr. Preiss admits:

12   "Defendant Horn has a group of male employees assisting him around the clock. . . .  Oliver

13   Preiss was one of these assistants."  Opp. at 3.  Mr. Preiss allegedly assisted Roy with "daily

14   errands," "dressing," "making travel arrangements," and he allegedly accompanied Roy to

15   "appointments," "social functions," and "events."  Opp. at 7.  These alleged facts, as defendants

16   argued in their opening brief, do not support the conclusion that Mr. Preiss was employed by

17   S&R.  *See* Mot. at 10-12.  In his opposition, Mr. Preiss did not argue—even once—that he was

18   employed directly by S&R.  Instead, he claims he was employed by "S&R et al.", a term that

19   plaintiffs' opposition defines to include both S&R *and* Roy.  *See, e.g.*, Opp. at 3 ("Oliver was

20   employed by S&R et al. for approximately two years"); Opp. at 6 ("the Complaint alleges that

21   Oliver Preiss was an employee of S&R et al.").  Plaintiffs deliberately use this artfully defined

22   term to avoid having to argue—because they cannot argue—that Mr. Preiss was employed by

23   S&R.

24           Rather than pleading facts to support any claim against S&R, Mr. Preiss instead attempts

25   to excuse his deficient pleadings and evasive opposition on the ground that, "[i]n the absence of

26   discovery, it is difficult to definitely assess or affirmatively state the exact relationship among the

27   business entities co-owned and operated by Roy Horn."  Opp. at 6.  Such discovery is irrelevant.

28   The exact business relationship between entities co-owned and operated by Roy is not the issue.

4

1   The issue is whether Mr. Preiss was compensated by S&R and performed services for S&R.  *See*

2   *Daggitt*, 205 F.3d at 987.  Mr. Preiss's own allegations make clear that he performed services for

3   (and was paid by) Roy.  Discovery will not change that fact.  Because Mr. Preiss does not and

4   cannot allege facts sufficient to state a claim against S&R—and because his request for discovery

5   regarding Roy's corporate holdings does not make a claim against S&R plausible—Mr. Preiss's

6   Title VII claims against S&R should be dismissed.

7                  **2.       The "Integrated Enterprise" Doctrine Is Inapplicable.**

8          In lieu of pleading that S&R was actually his employer, Mr. Preiss attempts to save his

9   Title VII Claims against S&R by claiming that Roy and S&R are "an integrated enterprise."  Opp.

10  at 9.  That attempt fails for three independent reasons.

11                        a.       ***The Integrated Enterprise Doctrine Cannot***

12                                 ***Make S&R Jointly Liable For Roy's Alleged Actions.***

13         Even if S&R and Roy were an integrated enterprise—which, as set forth below, they are

14  not—S&R still would not be liable to Mr. Preiss under Title VII as a matter of law.  Mr. Preiss

15  improperly seeks to use the integrated enterprise doctrine as a basis for holding S&R liable even

16  though he was employed by Roy.  That is not what the integrated enterprise doctrine does.

17         The *only* purpose of the integrated enterprise doctrine is to help the plaintiff satisfy the

18  Title VII requirement that his or her employer have at least fifteen employees.  *See U.S. E.E.O.C.*

19  *v. NCL Am., Inc.*, 2008 WL 281524, at *8 (D. Haw. Feb. 1, 2008); *see also* 42 U.S.C. § 2000e(b)

20  (employer must have fifteen employees to be liable under Title VII).  The doctrine does not, as

21  Mr. Preiss apparently believes, provide an independent basis for holding non-employers (like

22  S&R) liable simply because they are "integrated" with a plaintiff's actual employer.  *See, e.g.*,

23  *Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 929 (9th Cir. 2003) ("[Alleged integrated entity's]

24  status as an employer in its own right does not mean that a claim by the Plaintiffs, who were not

25  [its] employees, is cognizable under Title VII.").  Indeed, the Ninth Circuit has specifically

26  rejected the notion that liability could flow from the integrated enterprise doctrine.  *See id.*; *see*

27  *also Nowick v. Gammell*, 351 F. Supp. 2d 1025, 1034 & n.28 (D. Haw. 2004).  Instead, courts in

28

                                                    5

1  this circuit confined the application of the integrated enterprise doctrine to the numerosity

2  requirement.  *See NCL*, 2008 WL 281524, at *8-9.

3        Thus, the integrated enterprise doctrine cannot make S&R jointly liable for Roy's alleged

4  discrimination, even if Roy is Mr. Preiss's employer *and* S&R and Roy are somehow an

5  integrated enterprise.  Because the only purpose of the doctrine is to determine whether a Title

6  VII defendant has fifteen employees, courts refuse to consider the doctrine where the numerosity

7  requirement is not at issue.  *See, e.g.*, *Anderson*, 336 F.3d at 929 ("[Defendant] does not dispute

8  that it employs at least 15 employees.  Because this places [defendant] within Title VII's statutory

9  coverage as an 'employer,' the integrated enterprise test is inapplicable."); *Nowick*, 351 F. Supp.

10  2d at 1034 ("the integrated enterprise test is not applicable" because there is no dispute that

11  defendant has the requisite fifteen employees).  Here, Mr. Preiss only brings Title VII claims

12  against S&R—an entity which, according to Mr. Preiss, has fifteen employees.  (Compl. ¶ 13.)

13  Because this motion raises no dispute over whether S&R satisfies the employee numerosity

14  requirement, this Court should refuse even to consider the application of the integrated enterprise

15  doctrine.  It is simply inapt.

16        Mr. Preiss's arguments and authority are not to the contrary.  Mr. Preiss's opposition

17  makes no real attempt to apply the integrated enterprise doctrine or to explain how it works.

18  Instead, Mr. Preiss's discussion of the issue is limited to a recitation of the four-part test for

19  determining whether the integrated enterprise doctrine applies.  Opp. at 9 (citing *Kang v. U. Lim*

20  *Am., Inc.*, 296 F.3d 810 (9th Cir. 2002)).  Whether Mr. Preiss can satisfy that test is beside the

21  point because, even if he could, it would not be a basis for holding S&R liable—as *NCL,*

22  *Anderson,* and *Nowick* make clear.  Indeed, *Kang* itself arose in the context of holding that two

23  companies were an integrated enterprise for purposes of meeting Title VII's fifteen-employee

24  threshold, and *Kang* itself notes that its finding of an integrated enterprise does not expand

25  liability across the parts of that enterprise.  *Id.* at 815.  In that case, the court found that an

26  American company and its Mexican subsidiary were an integrated enterprise, so the employees of

27  the American company could sue it under Title VII even though it had fewer than fifteen

28  employees.  But the Court noted that its finding did not make the Mexican company subject to

6

1   Title VII and its employees "are not themselves covered by" Title VII. *Id.* at 816.  The finding of

2   an integrated enterprise only allowed the American employees to sue the American company.

3   Just as the Mexican employees in *Kang* could not sue the American company (even though they

4   were counted as employees of the integrated enterprise for purposes of satisfying the fifteen-

5   employee threshold), Mr. Preiss cannot sue S&R.  Mr. Preiss alleges that he was employed by

6   Roy, not S&R, and even if the integrated enterprise doctrine applied, Mr. Preiss still could not

7   state a Title VII claim against S&R.  Thus, Mr. Preiss's Title VII claims must be dismissed

8   without leave to amend.

9                   b.   ***The Integrated Enterprise Doctrine Applies To***

10                        ***Corporate Enterprises—Not To Individuals.***

11              Even if the integrated enterprise doctrine could create a basis for liability against S&R

12   (and it cannot), the doctrine would still have no application here.  Courts apply the integrated

13   enterprise doctrine where "separate ***corporations*** are not what they appear to be, that in truth they

14   are but divisions or departments of a single enterprise."  *Scheidecker v. Arvig Enters., Inc.*, 122 F.

15   Supp. 2d 1031, 1037 (D. Minn. 2000) (citing *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 402

16   (1960)); *accord U.S. Football League Players Ass'n, AFL-CIO v. U.S. Football League*, 650 F.

17   Supp. 12, 14 (D. Or. 1986).  Despite the fact that this test was thus designed to apply to corporate

18   bodies alone, Mr. Preiss seeks to apply it to Roy—an individual.  Mr. Preiss's argument thereby

19   attempts to fit a square peg in a round hole.

20              Even a cursory examination of the multi-factor test for an "integrated enterprise" shows it

21   is wholly inapplicable to individuals.  Those factors are: (1) interrelation of operations; (2)

22   common management; (3) centralized control of labor relations; and (4) common ownership or

23   financial control.  *Kang*, 296 F.3d at 815; *see also* Opp. at 9.  It is simply not possible to have

24   "common management," "common ownership," or "financial control" over an individual.

25   Defendants mistakenly attempt to rely on *Kang*—and only *Kang*—to support their claim that Roy

26   and S&R can be integrated entities, but *Kang* provides no such support.  In *Kang*, the court held

27   that a corporation, U. Lim America, and its corporate subsidiary, U. Lim de Mexico, were an

28

7

1   integrated enterprise.  *Id.* at 815.  Defendants do not—and cannot—cite any case even suggesting

2   that a corporation and its executive are an integrated enterprise for purposes of Title VII.

3         Indeed, such an interpretation would produce extreme and absurd results.  Companies'

4   executives and shareholders may employ any number of individuals:  housekeepers, gardeners,

5   nannies, or, as in this case, personal assistants and physical therapists.  Those individuals,

6   however, are not derivative employees of the companies for which the executives work or which

7   the shareholders own.  If the rule were otherwise, no one with a job would be able to hire

8   employees for his or her own personal benefit.  Such a rule would require unprecedented

9   corporate intrusion into the personal affairs of employees and shareholders.  Corporations would

10  be required to monitor what their executives and shareholders say and do in their own homes

11  during non-business hours to avoid the risk of liability to supposed employees that were not hired

12  or paid by the corporations, and over which the corporations have no control.  Even states and

13  local governments—which can be sued under Title VII—would be forced to monitor the private

14  lives of civil servants on pain of liability to such derivative employees.  Congress plainly did not

15  intend such absurd results.  Thus, Mr. Preiss's attempts to apply the integrated enterprise doctrine

16  to individuals, instead of companies, must fail.

17          c.    ***Mr. Preiss's Conclusory Allegations Of An***

18                    ***Integrated Enterprise Cannot Survive A Motion To Dismiss.***

19        Even if the integrated enterprise doctrine could somehow apply to individuals (which it

20  cannot), Mr. Preiss's complaint fails to allege facts sufficient to establish that S&R and Roy are

21  an integrated enterprise in the circumstances of this case.  Mr. Preiss alleges only that S&R and

22  Roy "have interrelated operations and a common management, centralized control of labor

23  relations, and common ownership and financial control."  (Compl. ¶ 16.)  But these allegations

24  are nothing more than a word-for-word recitation of the legal standard.  (*Compare id. with* Opp.

25  at 9).  As such, these allegations are insufficient as a matter of law.  *See, e.g.*, *U.S. E.E.O.C. v.*

26  *Am. Laser Centers LLC*, 2010 WL 3220316, at *4-5 (E.D. Cal. Aug. 13, 2010); *see also*

27  *Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1949.

28

1       In *American Laser Centers*, plaintiff made similar conclusory allegations that four

2   corporate defendants were integrated enterprises because each acted "as a successor, alter ego,

3   joint employer, integrated enterprise, agent, employee" or "under the direction and control of

4   others." *Id*. at *5. The court rejected plaintiff's "conclusory allegation" because plaintiff, as

5   here, did "not plead any specific factual allegations that explain how the [enterprises] are related

6   to each other." *Id*. The court thus dismissed the Title VII complaint as against all four

7   defendants. *Id*. at *5-6. Because Mr. Preiss does not plead any facts supporting his allegation

8   that S&R and Horn are an integrated enterprise, his Title VII claims must also be dismissed.

9           **B.      Mr. Preiss's Retaliation Claim Fails As A Matter Of Law.**

10      Mr. Preiss asserts a claim for retaliation under Title VII. As set forth above, all of Mr.

11   Preiss's Title VII claims against S&R must be dismissed because he does not and cannot allege

12   that S&R was his employer. Separate from that reason, however, Mr. Preiss's retaliation claim

13   also fails as a matter of law.

14           **1.      Mr. Preiss's Retaliation Claim Contradicts His Sworn EEOC Charge.**

15      As explained in defendants' opening brief, this Court should reject Mr. Preiss's retaliation

16   claim because it inconsistent with his own sworn statements in his EEOC charge. Mr. Preiss

17   stated under penalty of perjury in his EEOC charge that he "quit [his] employment." (Putnam

18   Decl., Ex. A). But in his complaint, Mr. Preiss now alleges an entirely different set of facts—*i.e.*,

19   that S&R retaliated against him by "terminating him." (Compl. ¶ 116-17).

20      Notwithstanding the irreconcilable contradiction between *quitting* and *being terminated*,

21   Mr. Preiss somehow claims his EEOC charge is consistent with his complaint. It is not. His

22   complaint alleges several facts incompatible with his EEOC charge—that S&R "retaliated"

23   against him by "terminating him" (Compl. ¶¶ 117); that Roy told him "to stay home and quit

24   coming to work" (*Id*. ¶ 52); and that Roy requested Mr. Preiss return the keys to Roy's house,

25   where he worked.  (*Id*. ¶ 53.)

26      Mr. Preiss attempts to justify his wholly contradictory statements by claiming ignorance.

27   He amazingly claims that he "made his EEOC statement, which is of limited detail, in the absence

28   of counsel and without knowledge of how he should describe the circumstances surrounding his

1  termination" and that the "report was written by EEOC staff."  Opp. at 10.  S&R does not seek to

2  hold Mr. Preiss to the contents of any "report" written by the EEOC staff—only Mr. Preiss's

3  EEOC own charge, which he submitted under penalty of perjury.[2]

4         As set forth in defendants' opening brief, this Court should reject Mr. Preiss's retaliation

5  claim if it contradicts allegations in his prior EEOC charge.  *See* Mot. at 14-16; *see also Sprewell*

6  *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("court[s] need not . . . accept as true

7  allegations in a complaint that contradict matters properly subject to judicial notice").  Since Mr.

8  Preiss's complaint clearly contradicts the allegations of his own EEOC charge, the Court should

9  dismiss Mr. Preiss's retaliation claim without leave to amend.

10                  **2.      Mr. Preiss Failed To Exhaust His Administrative Remedies.**

11         Mr. Preiss's retaliation claim must also be dismissed because he failed to exhaust his

12  administrative remedies.  This Court has no jurisdiction over Title VII claims unless they were

13  first presented to the EEOC along with the legal theory and underlying facts of that claim.

14  *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003); *Zenaty-Paulson v. Mclane/Sunwest,*

15  *Inc.*, 2000 WL 33300666, at *11 (D. Ariz. Mar. 20, 2000) ("The Ninth Circuit has refused to

16  consider claims based on incidents different from those alleged before the EEOC as encompassed

17  by an EEOC charge.").  Mr. Preiss presented neither the theory nor the facts of his retaliation

18  claim to the EEOC.  He failed to check the box alleging retaliation; he failed to plead that he was

19  terminated; and he even (as discussed more fully above) pled facts that directly contradict his

20  termination theory.  Courts routinely dismiss Title VII claims where plaintiffs like Mr. Preiss

21

22  ───────────────
     [2] Mr. Preiss's claim that he was not represented by counsel when he submitted his EEOC charge

23  does not change this conclusion.  Mr. Preiss signed his EEOC charge under penalty of perjury.
     The truth does not depend on whether Mr. Preiss is represented by counsel, and if his story

24  changed simply because he hired an attorney, something is wrong.  At any rate, Mr. Preiss's
     assertion that he was not represented by counsel is not a fact alleged in his Complaint, and Mr.

25  Preiss could not truthfully allege that fact in any amended complaint.  Moreover, Mr. Preiss
     clearly was represented by counsel when he filed his EEOC charge—a fact that is conclusively

26  established by the fact that Mr. Preiss's attorneys offered to show S&R a copy of Mr. Preiss's
     draft EEOC complaint before it was filed.  While defendants have avoided submitting extrinsic

27  evidence in the context of this motion to dismiss, defendants would be happy to submit such
     evidence in the context of any motion for leave to amend or upon request by the Court.

28

                                                   10

1   failed to exhaust administrative remedies.  *See, e.g.*, *Ong v. Cleland*, 642 F.2d 316, 319-20 (9th

2   Cir. 1981) (constructive discharge claim properly dismissed because plaintiff's "administrative

3   charge of discrimination in promotion did not encompass her later judicial complaint of

4   constructive discharge"); *Graham v. Bryce Corp.*, 348 F. Supp. 2d 1038, 1042-43 (E.D. Ark.

5   2004) (dismissing retaliation claim where plaintiff's EEOC charge merely alleged race

6   discrimination and "failed to check the box marked 'Retaliation'" or "allege any facts that would

7   give notice" of the claim); *Gardias v. Cal. State Univ.*, 2009 WL 2057773, at *2 (N.D. Cal. July

8   14, 2009) (dismissing discrimination claims because, *inter alia*, plaintiff "checked only the box

9   for 'retaliation,' not the boxes for discrimination"); *Zenaty-Paulson*, 2000 WL 33300666, at *11.

10          The result must be the same here.  Relying on *Vasquez v. Cnty. of L.A.*, 349 F.3d 634 (9th

11   Cir. 2003), Mr. Preiss claims his retaliation claim somehow "gr[ew] out of" his EEOC charge.

12   Opp. at 11.  Mr. Preiss's reliance on *Vasquez* is misplaced.  In *Vasquez*, the plaintiff exhausted his

13   administrative remedies with respect to one retaliation claim where the facts pled in the EEOC

14   charge were identical to the facts pled in the civil complaint.  *Id*. at 645-46 (retaliation claim

15   exhausted where plaintiff pled "the same acts" in EEOC charge and complaint).  But the plaintiff

16   failed to exhaust his administrative remedies with respect to another retaliation claim where he

17   did not plead identical facts supporting that claim in his EEOC charge.  *Id*. at 644-45.  Here,

18   because Mr. Preiss's retaliation claim based on the alleged termination of his employment is not

19   based on identical facts in his EEOC charge (in which Mr. Preiss testified he quit), Mr. Preiss's

20   claim is instead analogous to the retaliation claim in *Vasquez* that was dismissed—not the claim

21   in *Vasquez* that survived.

22          Mr. Preiss's allegations of retaliation are not related to his claims of discrimination

23   because "it is well established that retaliation claims are not reasonably related to underlying

24   discrimination claims."  *Wallin v. Minn. Dep't of Corr.*, 153 F.3d 681, 688 (8th Cir. 1998).  Mr.

25   Preiss argues, however, that "'retaliation' does not necessarily have to be alleged in the EEOC

26   complaint."  Opp. at 12.  Mr. Preiss is wrong.  In support of his spurious claim, Mr. Preiss

27   mischaracterizes *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992).  *Nealon* holds only that a plaintiff

28   need not bring a second EEOC charge alleging "retaliation *for filing a previous EEOC charge*."

1    *Id*. at 590.  The other cases cited by Mr. Preiss are equally limited in their holding.[3]  The narrow

2    exception in *Nealon* for retaliation claims based on *prior EEOC charges* is thus inapplicable to

3    Mr. Preiss's case.  Mr. Preiss's retaliation claim is in no way based on the filing of his initial

4    EEOC charge.  To the contrary, he specifically pleads he was terminated *prior* to the time he even

5    filed his first EEOC charge.

6            Finally, Mr. Preiss tries to excuse his clear failure to exhaust administrative remedies by

7    claiming defendants suffered no prejudice.  Opp. at 12.  Yet, the presence or absence of prejudice

8    is wholly irrelevant.  "In order to establish subject matter jurisdiction over her Title VII claim,

9    Plaintiff was required to exhaust her administrative remedies."  *B.K.B. v. Maui Police Dep't*, 276

10   F.3d 1091, 1099 (9th Cir. 2002).  Mr. Preiss failed to exhaust his administrative remedies on any

11   retaliation claim, and that claim must be dismissed.  Indeed, Mr. Preiss's own authority makes

12   clear that communication with the EEOC—not prejudice to the defendant—is key.  In *Cohen-*

13   *Breen v. Gray Television Grp., Inc.*, 661 F. Supp. 2d 1158 (D. Nev. 2009), on which Mr. Preiss

14   relies, the plaintiff filed an EEOC charge alleging retaliation, but the EEOC failed to provide

15   defendant with a copy of the charge.  *Id*. at 1168-69.  The court allowed the plaintiff to proceed

16   with the claim, despite any prejudice to the defendant.  That holding is consistent with the

17   purpose of the exhaustion requirement, which is to give the EEOC the opportunity "to informally

18   resolve employment discrimination claims before resort to litigation."  *Padilla v. Bechtel Constr.*

19   *Co.*, 2007 WL 1219737, at *4 (D. Ariz. Apr. 25, 2007).  Here, the EEOC had no such

20   opportunity.  In his race to the courthouse, Mr. Preiss ignored the EEOC's conciliation

21   procedures—procedures "central to the purpose of federal anti-discrimination statutes."  *Id*.

22

23

24   [3] Every case plaintiffs cite claiming that *Nealon* has been reaffirmed is similarly limited to the
     factual scenario where the alleged retaliation is in response to the filing of a prior EEOC charge.

25   *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 304 (4th Cir. 2009) (alleging "retaliation for her
     filing the first charge"); *Pierce v. Mansfield*, 530 F. Supp. 2d 146, 161 (D.D.C. 2008) ("plaintiff

26   alleges that the defendant retaliated against him for prior EEOC activity"); *Turner v. D.C.*, 383 F.
     Supp. 2d 157, 162 (D.D.C. 2005) (plaintiff "claims that she was retaliated against for filing a

27   complaint").  As set forth above, Mr. Preiss does not allege S&R retaliated against him because

28   he filed his EEOC charge.

1    Because Mr. Preiss failed to exhaust his administrative remedies, his retaliation claim is barred

2    and must be dismissed.

3            **C.      Mr. Preiss's Remaining Claims Against S&R Also Must Be Dismissed.**

4            Just as Mr. Preiss fails adequately to plead that S&R was his employer, plaintiffs fail to

5    plead that S&R should be held liable for Roy's alleged conduct under the doctrine of *respondeat*

6    *superior*.  "Under the theory of *respondeat superior*, an employer is liable for the intentional

7    assaults committed by its employee in furtherance of the employer's business."  *Mullahon v.*

8    *Union Pac. R.R.*, 64 F.3d 1358, 1362 (9th Cir. 1995).  None of the torts that plaintiffs allege were

9    committed by Roy were in furtherance of S&R's business and, therefore, there is no basis for

10   applying the doctrine of *respondeat superior*.

11           Plaintiffs claim "S&R et al." are liable for their purported injuries under the doctrine

12   because Roy acted "within the scope of his employment" when he injured them.  Opp. at 7.

13   Specifically, Mr. Preiss claims he was injured while assisting Roy with his "executive and

14   managerial duties with S&R et al," but that fictional argument finds no basis in the language of

15   the complaint.  Indeed, Mr. Preiss's own opposition concedes that the "duties" with which Mr.

16   Preiss assisted were: "assistance with daily errands; dressing; making travel arrangements; and

17   accompaniment to appointments, social functions, and events."  Opp. at 7.  *None* of these

18   activities—dressing, travelling, attending social events, or running errands—are even remotely

19   related to Mr. Preiss's "executive and managerial duties" with S&R.

20           To the contrary, those activities were part of Roy's personal life, and the alleged

21   misconduct took place in Roy's home while Roy performed personal tasks unrelated to his work

22   for S&R.  Under *Doe A v. Green*, 298 F. Supp. 2d 1025, 1040-43 (D. Nev. 2004), the case

23   primarily relied upon by plaintiffs, S&R cannot be liable for the independent actions Roy

24   allegedly took in his home.  In *Green*, the court held that while a School District was liable for a

25   teacher's tortious actions *at school*, the district was not vicariously liable—as a matter of law—

26   for the same actions the teacher took *in his home*.  *Id.*  Indeed, every case Mr. Preiss cites

27   involves the wholly different factual situation of employees performing their job at their place of

28   work.  *See Prell Hotel Corp. v. Antonacci*, 469 P.2d 399, 400 (Nev. 1970) (casino vicariously

13

liable for "21" dealer punching hotel guest while dealing "21"); *Switzer v. Rivera*, 174 F. Supp. 2d 1097, 1106 (D. Nev. 2001) (casino liable under *respondeat superior* for actions taken by employees of a restaurant within the casino where "all of the conduct alleged by Plaintiff occurred in or around the kitchen area . . . and in the course of the co-workers' duties as cooks").

Thus, even plaintiffs' own cases call for the dismissal of their *respondeat superior* claims. Plaintiffs try to postpone this inevitability by arguing the issue of vicarious liability is a question of fact not properly resolved on a motion to dismiss. But *Green*, the very case plaintiffs cite in support of that assertion, actually holds that vicarious liability may be determined as a matter of law in precisely this situation. *Green*, 298 F. Supp. 2d at 1040-41 ("where undisputed evidence exists concerning the employee's status at the time of the tortuous act, the issue may be resolved as a matter of law"); *see also Prell Hotel*, 469 P.2d at 400 ("Of course, if the employee's tort is truly an independent venture of his own and not committed in the course of the very task assigned to him, the employer is not liable."). Assuming the facts of plaintiffs' complaint to be true, such that there is no question of fact presented by this motion, plaintiffs have failed to allege that any actions taken against Mr. Preiss were within the scope of Roy's employment with S&R. To the contrary, plaintiffs specifically allege facts that make clear those actions occurred in Roy's home within the scope of his personal affairs. Because plaintiffs thus pled facts negating the application of *respondeat superior*, this Court should dismiss the remaining claims against S&R without leave to amend.

### D.    Mrs. Preiss's NIED Claim Must Be Dismissed.

#### 1.    Mrs. Preiss Did Not Contemporaneously Observe Any Injury.

To state an NIED claim, a bystander to an action must be "located near the scene" and be injured by the "contemporaneous sensory observance" of the incident. *Grotts v. Zahner*, 989 P.2d 415, 416 (Nev. 1999). Mrs. Preiss's NIED claim utterly fails on both counts. She was not located near the harassment of Mr. Preiss when it allegedly occurred, nor did she observe such harassment when it allegedly happened. She learned about the alleged harassment only after it took place, when her husband told her about it and showed her previously recorded surveillance videos allegedly depicting it. (Compl. ¶ 57.)

14

1      Reason and law both dictate that observing an incident *after the fact* and *away from the*

2    *scene* cannot constitute a "contemporaneous" observance of the incident "near the scene."

3    Mrs. Preiss goes to great lengths to obfuscate this fact. Her primary strategy for doing so is to

4    assert, without support, that the facts contradicting her allegations actually support them. She

5    claims she "was near the scene in that she directly observed the traumatic events unfold *via*

6    *video*." Opp. at 14. But watching events via previously recorded video does not place her near

7    the scene. Mrs. Preiss further claims she "satisfies the contemporaneous factor because she

8    suffered emotional injuries with physical manifestations from seeing, for the first time, the sexual

9    harassment, physical misconduct, and impact those acts had on her husband." Opp. at 14. But

10    seeing an event "for the first time," via tape recording, does not make her after-the-fact

11    observation *contemporaneous*.

12       Allowing Mrs. Preiss's claim would radically expand the scope of NIED liability in

13    Nevada. The vast majority of NIED cases involve plaintiffs who physically witness an

14    automobile accident. *See Crippens v. Sav On Drug Stores*, 961 P.2d 761, 762 (Nev. 1998)

15    (surveying case law). Under Mrs. Preiss's interpretation, this historically difficult-to-prove tort

16    would expand to provide a cause of action for emotional harm to anyone that views a video of a

17    relative being injured. For example, if a news broadcast showed footage of an automobile or

18    industrial accident, every relative of the victims of that accident who watched that news program

19    would have an NIED claim against the party responsible. There are strong reasons to decline to

20    extend NIED liability to such situations. Individuals who did not witness accidents could create

21    liability by seeking out videotapes of the accidents. Indeed, that is precisely what plaintiffs allege

22    here. Mrs. Preiss sought out videos of Mr. Preiss and, having viewed them, now seeks to hold

23    defendants liable for her own decision to watch the videos.

24       Mrs. Preiss does not—and cannot—cite a single case supporting such a radical theory of

25    NIED liability. To the contrary, every case she cites involves a contemporaneous observation of

26    the incident while at the scene. *See State v. Eaton*, 710 P.2d 1370, 1372 (Nev. 1985) (mother

27    brings NIED claim after state's negligence in highway maintenance caused a car accident in

28    which her daughter died in her arms); *Crippens*, 961 P.2d at 762-63 (daughter brings NIED claim

1  after she administered a negligently prescribed medication to her mother and continued

2  administering the drug until mother was rendered comatose and permanently disabled).[4]

3  Accordingly, Mrs. Preiss's NIED claim should be dismissed with prejudice.

4          **2.**       **Mrs. Preiss Did Not Suffer The Requisite Physical Injury.**

5         Mrs. Preiss's NIED claim must also be dismissed because she fails to allege any tangible

6  injury or illness resulting from her emotional distress.  Because Mrs. Preiss brings an NIED claim

7  "where emotional distress damages are not secondary to physical injuries," she must show either

8  a "physical impact" or "serious emotional distress causing physical injury or illness." *Barmettler*

9  *v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998).  Mrs. Preiss fails to do so.

10         The only injuries Mrs. Preiss claims she suffered—insomnia and marital discord—are

11  insufficient as a matter of law to support her NIED claim.  *See Chowdhry v. NLVH, Inc.*, 851 P.2d

12  459, 462 (Nev. 1993) ("Insomnia and general physical or emotional discomfort are insufficient to

13  satisfy the physical impact requirement"); *see also Barmettler*, 956 P.2d at 1384, 1387

14  (allegations that plaintiff "contemplate[d] suicide and [sought] additional psychotherapy" did not

15  satisfy the "physical impact or injury requirement").  Plaintiffs attempt to distinguish *Chowdhry*

16  and *Barmettler* on the basis that those cases were decided on different procedural postures.  Opp.

17  at 16.  But both cases held that injuries analogous to (and even more severe) than those alleged by

18  plaintiff were insufficient *as a matter of law* to state a valid NIED claim.  Thus, regardless of

19  facts Mrs. Preiss presents in support of her allegations, her NIED claim still fails.

20

21

22  [4] Mrs. Preiss attempts to distract from the requirement of contemporaneous observance by

23  discussing "foreseeability." Opp. at 13-14.  That argument is a red herring.  Foreseeability is an
additional requirement for tort liability that a plaintiff must satisfy.  It is not, as Mrs. Preiss would

24  have it, a means to avoid pleading the required elements of a cause of action.  As the Nevada
Supreme Court explained in the context of an NIED claim, foreseeability is a "further limit on

25  liability" because "the harm occasioned by defendant's negligence must be foreseeable to be
compensable." *Eaton*, 710 P.2d at 1377.  For example, an NIED plaintiff must not only be

26  physically present and contemporaneously observe physical harm to a relative, the plaintiff's
presence and observation must also be *foreseeable*.  Thus, even if it somehow was foreseeable

27  that Mr. Preiss would show videos to Mrs. Preiss of what events that happened in Roy's home—

28  which it decidedly was not—Mrs. Preiss's claim still fails.

1          **E.      Mr. Preiss's NIED Claim Must Be Dismissed.**

2          Mr. Preiss does not respond to defendants' argument that his NIED claim must be

3   dismissed for the simple reason that he fails to make even a conclusory allegation of defendants'

4   negligence. Mot. at 16.  To the contrary, Mr. Preiss alleges only that defendants engaged in

5   intentional acts of discrimination, and this court has held such allegations are insufficient to state

6   an NIED claim.  *See Colquhoun v. BHC Montevista Hosp., Inc.*, 2010 WL 2346607, at *3 (D.

7   Nev. June 9, 2010) ("Because Plaintiff alleges Defendants intentionally discriminated against her,

8   her claim for negligent infliction of emotional distress is improper and hereby dismissed.").  As in

9   *Colquhoun*, Mr. Preiss's NIED claim "fails because Plaintiff does not allege any facts in [his]

10  complaint indicating that Defendants were negligent in any way."  *Id.*

11         Even if Mr. Preiss had pled that defendants acted negligently, he nonetheless could not

12  state a valid NIED claim because Nevada only permits NIED claims based on a bystander theory.

13  *Kennedy v. Carriage Cemetary Servs.*, --- F. Supp. 2d ---, 2010 WL 2926083, at *7 (D. Nev. July

14  19, 2010).  Nevada does not permit independent NIED claims based on direct harm to plaintiff.

15  *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995) ("infliction of emotional distress can be an

16  *element of the damage* sustained" by a non-bystander NIED plaintiff).  Such damages for

17  emotional harm may only be recovered as "parasitic damages" to a independent tort claim.

18  *Kennedy*, 2010 WL 2926083, at *7-8; *see also Shoen*, 896 P.2d at 477.

19         Neither of the cases relied on by Mr. Preiss to rebut this point—*Switzer v. Rivera*, 174 F.

20  Supp. 2d 1097, 1109 (D. Nev. 2001) and *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1269 (D. Nev.

21  2001)—requires a different result.  The court was not presented, in either *Switzer* or *Burns*, with

22  the issue of whether Nevada law permits an independent NIED claim outside of the bystander

23  liability context.  Rather, those cases involved summary judgment arguments based on the

24  sufficiency of the evidence.  *See Switzer*, 174 F. Supp. 2d at 1109 ("Defendant asserts that

25  Plaintiff's claim fails because there is no evidence of physical impact or, alternatively, serious

26  emotional distress."); *Burns*, 175 F. Supp. 2d at 1269 (same).  Because the defendants in those

27  cases did not raise the issue of whether Nevada law permits an independent NIED claim resulting

28  from direct harm to a defendant, their holding is not necessarily inconsistent with *Kennedy*; it is

17

1    axiomatic that a case is not authority for propositions not considered.  *Sloan v. State Farm Mut.*

2    *Auto. Ins. Co.*, 360 F.3d 1220, 1231 (10th Cir. 2004).

3          Thus, while Mr. Preiss is not precluded from seeking damages for emotional harm as part

4    of an independent tort claim, he may not bring his claims for emotional harm as an independent

5    NIED claim—just as he cannot bring a claim for punitive or compensatory damages as an

6    independent claim.  Accordingly, Mr. Preiss's NIED claim should be dismissed.

7                                **III.    CONCLUSION.**

8          For the foregoing reasons, defendants respectfully request that the Court dismiss all claims

9    against defendant S&R, and claims six and seven against all defendants, without leave to amend.

10

11          DATED this 18th day of November, 2010

12                                Respectfully submitted,

13

14                                /s/: John T. Moran, Jr. Esq._____
                                  JOHN T. MORAN, JR. (Nevada Bar #2271)
15                                JEFFERY A. BENDAVID (Nevada Bar #6220)
                                  MORAN LAW FIRM LLC
16                                630 South Fourth Street
                                  Las Vegas, Nevada 89101
17                                         -and-
                                  MARVIN S. PUTNAM (*admitted pro hac vice*)
18                                MATTHEW G. MRKONIC (*admitted pro hac vice*)
                                  O'MELVENY & MYERS LLP
19                                1999 Avenue of the Stars, Suite 700
                                  Los Angeles, California  90067-6035
20                                *Attorneys for the Defendant*
                                  *S&R PRODUCTION COMPANY*
21                                *and ROY HORN*

22

23

24

25

26

27

28

                                          18