# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OLIVER PREISS, an individual; and BEATRICE PREISS, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>S&R PRODUCTION COMPANY, a Nevada corporation; and ROY HORN AKA UWE LUDWIG HORN AKA ROY UWE HORN, an individual,<br><br>    Defendants. | Case No.: 2:10-cv-01795-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#12; Motion to Remand–#32) |

    Before the Court is Defendant S&R Production Company and Roy Horn's **Motion to Dismiss** (#12), filed October 22, 2010.  The Court has also considered Plaintiffs Oliver Preiss and Beatrice Preiss'[1] Opposition (#17), filed November 8, 2010, and S&R's Reply (#23), filed November 18, 2010.

    Also before the Court is Plaintiffs' **Motion to Remand** (#32), filed March 3, 2011.  The Court has also considered Defendants' Opposition (#33), filed March 3, 2011.  Plaintiffs did not reply.

---

[1] When referring to 'Preiss' in the singular, the Court refers to Oliver Preiss.  Otherwise, the Court will refer to Oliver and Beatrice Preiss collectively as 'Plaintiffs.'

1

**BACKGROUND**

Unless otherwise noted, the following facts are as alleged by Plaintiffs. One day in 2008, Oliver Preiss met Siegfried Fischbacher. Fischbacher invited Preiss to meet Roy Horn. Soon thereafter, Preiss began to work as one of many personal assistants to Horn, who had lost much of his ability to care for himself after having been attacked by one his white tigers. Preiss' duties included things like helping Horn get dressed in the morning and other daily tasks. Both Fischbacher and Horn made sexual overtures to Preiss early in his employment, however Fischbacher soon stopped. Horn, allegedly, did not. Over the course of two years, Horn repeatedly made sexual requests and fondled and groped Priess. Horn also maintained a very sexualized home, where Priess worked. Priess alleges that he made it clear to Horn that this conduct was inappropriate and unwelcome.

Priess found this atmosphere very stressful and his anxiety disturbed his interaction with his wife. Eventually Horn fired Priess after Priess continued to refuse Horn's overtures. At some point, Priess obtained video tape (it is unclear when or how) of the activities taking place in Horn's home. Priess apparently decided to show these videos to his wife, Beatrice. Since viewing the videos, Plaintiffs' marriage has suffered.

On June 1, 2010, Preiss filed a complaint with the Equal Employment Opportunity Commission. The EEOC later issued a right to sue letter. Plaintiffs then filed a complaint with the Eighth Judicial District Court of the State of Nevada alleging various Title VII claims (pertaining to sexual harassment and retaliation), assault and battery, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and loss of consortium. Defendants then removed the case to this Court based on the Title VII claims, which Plaintiffs have since voluntarily dismissed. (Dkt. #31, Notice of Voluntary Dismissal.) For the reasons discussed below, the Court grants Defendants' motion and dismisses S&R from this case.

/

/

**DISCUSSION**

**I.    Motion to Remand**

The Court will first address the Motion to Remand, for if the Court determines to remand the case, there is no need to address the Motion to Dismiss. However, the Court concludes that remand is improper under the relevant case law because the Court maintains jurisdiction over the case despite Plaintiffs voluntary dismissal of their federal claims.

Supplemental jurisdiction over state law claims is determined at the time of removal to federal court without regard to subsequent amendments. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Plaintiffs may not destroy subject matter jurisdiction by selectively giving up on the claims that formed the basis for removal. *See Albinga Versicherungs A.G. v. Schenker Intern. Inc.*, 344 F.3d 931, 938–39 (9th Cir. 2003) (*amended by Albinga Versicherungs A.G. v. Schenker Intern. Inc.*, 350 F.3d 916 (9th Cir. 2003) ("Supplemental jurisdiction is not destroyed by elimination of the basis for original jurisdiction."). However, this is exactly what Plaintiffs seek to accomplish, remand by eliminating this Court's subject matter jurisdiction. The attempt fails. Jurisdiction was proper at the time of removal and jurisdiction remains proper even after Plaintiffs voluntarily dismissed their federal claims. Therefore, the Court denies the Motion and declines to remand.

**II.   Motion to Dismiss**

**A.    Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise

3

1   above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a
2   complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its
3   face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

4         In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts
5   are to apply when considering motions to dismiss.  First, a district court must accept as true all
6   well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the
7   assumption of truth.  *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only
8   by conclusory statements, do not suffice.  *Id*. at 1949.  Second, a district court must consider
9   whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A
10  claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw
11  a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 1949.  Where
12  the complaint does not permit the court to infer more than the mere possibility of misconduct, the
13  complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal
14  quotation marks omitted).  When the claims in a complaint have not crossed the line from
15  conceivable to plausible, plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

16      **B.**    **Analysis**

17        The Court first reiterates that Plaintiffs voluntarily dismissed their Title VII claims
18  and therefore the Court will not address those claims beyond stating that the Title VII claims
19  would have fallen regardless due to Priess' insufficient allegations regarding S&R being his
20  employer.  The Court also notes that since Plaintiffs dismissed the Title VII claims, Defendants
21  currently only challenge the *respondeat superior* claims against S&R and the NIED claims.
22  Defendants do not contest the assault and battery, IIED, or loss of consortium claims in this
23  motion.  After consideration, the Court grants Defendants' motion, dismisses the challenged
24  claims, and consequently dismisses S&R from this case.  The Court will address each claim in
25  turn.
26  /

      **1.**      **Respondeat Superior**

The doctrine of *respondeat superior* allows plaintiffs to hold a company (or other principle) liable for the acts of its agent committed in furtherance of the principle's business. *Mullahon v. Union Pac. R.R.*, 64 F.3d 1358, 1362 (9th Cir. 1995). Here, Preiss does not allege any facts allowing the Court to conclude that Horn's acts could possibly have been in furtherance of S&R's business. Since Plaintiffs' *respondeat superior* theory was the only theory of liability remaining against S&R after Plaintiffs voluntarily dismissed their Title VII claims, the Court dismisses S&R from this case.

      **2.**      **NIED**

Plaintiffs misunderstand the requirements for an NIED claim. To bring an NIED claim, a bystander must have been "located near the scene," "emotionally injured by the *contemporaneous* sensory observance" of the acts, and "closely related to the victim." *Grotts v. Zahner*, 989 P.2d 415, 416 (Nev. 1999) (emphasis added). Beatrice Preiss claims that she contemporaneously viewed the alleged sexual harassment when her husband brought home video tapes showing the harassment and played them for her. This does not meet the requirements of either contemporaneous observance nor physical presence. The playing of a video taped recording hours, days, or weeks after an event is simply not contemporaneous in nature. Also, it is incomprehensible to claim that video tape viewing of events somehow makes one physically present at the event. Therefore, the Court dismisses Beatrice Preiss' NIED claim.

Oliver Preiss also makes an NIED claim. However, as this Court has repeatedly held before, direct victims may not bring NIED claims. *See, e.g.*, *Kennedy v. Carriage Cemetery Serv., Inc.*, 727 F. Supp. 2d 925, 934–35 (D. Nev. 2010). Therefore, the Court also dismisses Oliver Priess' NIED claim.

**III.**    **Notice of Voluntary Dismissal**

Here, the Court notes that as it was preparing to issue this order, Plaintiffs filed a Notice of Voluntary Dismissal (Dkt. #34) as to each claim remaining after Plaintiffs first Notice of

Voluntary Dismissal (Dkt. #31). The Court, however, feels that it is proper to issue this order with the accompanying analysis regardless. The Notice of Voluntary Dismissal only further supports the Court's conclusions.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#12) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand (#32) is DENIED. As no claims remain after Plaintiffs' Notice of Voluntary Dismissal (#34), the Clerk of the Court is directed to close this case.

Dated: March 17, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**