**Exhibit A**

Electronically Filed
09/17/2010 08:38:45 AM

**CLERK OF THE COURT**

**COMP**
SHARON L. NELSON
Nevada Bar No. 6433
NELSON LAW
401 N. Buffalo Drive, Suite 100
Las Vegas, Nevada 89145
Telephone:    (702) 247-4529
Facsimile:    (702) 737-4529

MIKE MEIER
*To be admitted pro hac vice*
INTERNATIONAL LAW GROUP, LLC
6525 76th Street
Cabin John, MD 20818
Telephone:    (202) 544-7745
Facsimile:    (202) 544-7746

Attorneys for Plaintiffs
OLIVER AND BEATRICE PREISS

## IN THE EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| OLIVER PREISS, an individual, and BEATRICE PREISS, an individual; | CASE NO.: A − 1 0 − 6 2 5 4 7 7 − C |
| Plaintiffs, | DEPT. NO.:  X I X |
| v. | **COMPLAINT** |
| S&R PRODUCTION COMPANY, a Nevada Corporation; and ROY HORN AKA UWE LUDWIG HORN AKA ROY UWE HORN, an individual, DOES and ROES 1-100, | **[EXEMPT FROM ARBITRATION- EXTRAORDINARY RELIEF REQUESTED]** |
| Defendants. | |

Oliver Preiss (hereinafter referred to as "Preiss" or "Plaintiff Preiss") and his wife

Beatrice Preiss (hereinafter referred to as "Beatrice" collectively referred to as "Plaintiffs"), for

causes of action against S&R Production Company (hereinafter referred to as "Defendant

"S&R") and Roy Horn (Hereinafter referred to as Defendant "Horn" collectively referred to "Defendants"), hereby submit the following Complaint:

## GENERAL ALLEGATIONS

1.    At all times relevant herein, Plaintiffs were and are Nevada residents.

2.    At all times relevant herein, Plaintiff Preiss was an employee of Defendant S&R and Horn.

3.    At all times relevant herein Plaintiff Preiss and Beatrice were husband and wife.

4.    At all times relevant herein, Defendant S& R was a Nevada Corporation.

5.    At all times relevant herein, Defendant Horn was a Nevada resident.

6.    All events giving rise to this suit occurred in Clark County, Nevada.

7.    All the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendant, acting by and through their agents and employees. Said acts and/or failures to act were within the scope of said agency and/or employment, and the Defendants ratified said acts and/or omissions.

8.    DOES and ROES 1-100 are persons, corporations or partnerships whose true names, identifies and capacities are unknown to Plaintiff at this time. Said DOE and ROE Defendants are responsible for, or controlled, directed or ratified the injurious activities of named Defendant and/or are responsible for the unlawful actions taken against and/or injuries suffered by Plaintiff and all others similarly situated. Plaintiff alleges that each named Defendant and said DOE and ROE Defendants negligently, willfully, intentionally, maliciously, recklessly, vicariously or otherwise, caused, directed, allowed or set in motion the unlawful and injurious events affecting Plaintiff. Plaintiff will ask leave of this Court to insert the true names and

capacitates for said DOE and ROE Defendants when discovered and to substitute those true names as Defendants into these proceedings.

9.      This case involves an employee's claims of, inter alia, sexual harassment, hostile work environment, quid pro quo, loss of consortium, assault and battery.

10.     Plaintiff Preiss is a German citizen who came to the U.S. in 2008. He operated a tour company, German Las Vegas Service, see www.germanlasvegasservice.de, specializing in tours of Las Vegas for German visitors.

11.     Plaintiff Preiss' business is debt free.

12.     Defendant S&R is a company owned by the entertainers Siegfried Fischbacher and Roy Horn.

13.     On information and belief, Defendant S&R has more than 15 employees.

14.     Defendant S&R operates, or is affiliated with, a variety of companies, including: (1) Siegfried & Roy Enterprises, Inc., (2) Siegfried & Roy Foundation, Inc.; and (3) S&R Presents.

15.     In addition, Defendant Horn appears to operate in his individual name as "Roy Uwe Horn or Siegfried Fischbacher c/o Lexington Financial Management, LLC."

16.     On information and belief, all of these entities have interrelated operations and a common management, centralized control of labor relations, and common ownership and financial control. Most importantly, the beneficial owners of all these entities, including Defendant Horn, have ultimate control over the terms and conditions of employment relationships.

17.     Defendant Horn is an entertainer and part of "Siegfried & Roy" who performed in Las Vegas until a tiger injured him on stage in 2003.

18.     Despite the injuries suffered during the tiger attack, Defendant Horn still has full strength in his right arm.

19.     Defendant Horn has a group of male employees assisting him around the clock. The assistants help Horn with all his daily needs, for example getting dressed, grooming, and running errands.

20.     All assistants are physically smaller than Defendant Horn.

21.     In May 2008, during one of Preiss' tours, Preiss met Siegfried Fischbacher in the street. Fischbacher invited Preiss to visit.

22.     Shortly thereafter, Preiss began working for S&R.

23.     Initially, he worked only sporadically.

24.     Gradually, Defendant Horn requested Preiss to work more frequently and more hours. Eventually, this became full-time employment for Preiss.

25.     At all times relevant herein, Defendants had the right and did control when, were and how Plaintiff performed his job.

26.     The work Plaintiff performed did not require Plaintiff's expertise.

27.     Plaintiff is a highly trained Physical Therapist, but during the employment relationship performed like any other of the assistants, such as dressing Horn, running errands, making travel arrangements, and accompanying him to doctor's appointments, shopping, and on international trips.

28.     Defendants provided all tools, materials and equipment for the performance of Plaintiff's job.

29.     The work was performed on Defendants' premises and at locations specified by Defendants.

30.     There was an ongoing employment relationship for approximately two years between Plaintiff Preiss and Defendants.

31.     Plaintiff did not hire and pay assistants. In fact, all other assistants were hired through a specialized agency.

32.     Plaintiff did not engage in his distinct occupation or business, which was a tour company in Las Vegas, as part of his employment.

33.     Defendants had the ability to discharge Plaintiff and in fact did so in the end.

34.     Because of the time demands of his employment with Defendant S&R, Preiss gradually discontinued his tour company.

35.     He was unable to work the required hours for Defendants and at the same time maintain his tour business.

36.     Thus, his business lost the income it would have otherwise generated, the good will it had developed, its referral network, and other contacts.

37.     At this point, Plaintiff Preiss' business has lost virtually all value because of the many months of inactivity. Plaintiff's financial losses exceed $100,000.00.

38.     Early on, both Fischbacher and Horn made sexual overtures that Preiss rebuked. After a few unsuccessful attempts, Fischbacher discontinued his requests for sexual favors.

39.     Defendant Horn however, continued to make requests for sex.

40.     During the course of his employment, Preiss gradually became aware through personal observation that Defendant Horn made sexual advances towards all male assistants.

41.     Defendant Horn forced his assistants to join him in watching pornographic videos at night.

42.     Beginning in January 2010, Defendant Horn's request to Plaintiff for sexual favors were more insistent, and Defendant Horn began groping Preiss' genitals and nipples, inside and outside of Preiss' clothing.

43.     Preiss felt apprehension as a result of this offensive contact.

44.     Defendant Horn often requested a massage of his nipples.  Preiss consistently refused.

45.     Defendant Horn ordered Preiss repeatedly to touch Horn's penis. Preiss consistently refused.

46.     Upon hearing Plaintiff Preiss' refusal, Defendant Horn became angry and told Plaintiff to "leave his house" or to quit working for him and that Preiss should leave if he does not provide the requested sexual service.

47.     Preiss is heterosexual and married.

48.     Preiss repeatedly made to Defendant Horn that the sexual assaults and sexual harassment perpetrated by Defendant Horn were intolerable and unwelcome.

49.     During the course of his employment, Preiss learned that Defendant Horn's sexual assaults of employees were rampant. At least one of the employees, M., provided full-fledged sex to Horn. M. is the assistant who has been there the longest.

50.     Defendant Horn's unwelcome sexual advances and sexual assaults put great strain on Preiss' marriage relationship as it caused him anxiety and disturbed the interaction with his wife.

51.     In April 2010, the situation at the workplace became untenable as Defendant Horn's groping and assaults became more insistent, and Preiss refused to provide the requested sex acts.

52.     Defendant Horn, apparently finally convinced that Plaintiff Preiss was unwilling to engage in sexual conduct with him, told Preiss to stay home and quit coming to work.

53.     On or about April 28, 2010, Defendant Horn requested that Preiss return the keys to the premises.

54.     Preiss was never again returned to work and as a result has been discharged.

55.     Surveillance videos of the workplace show rampant sexual harassment, sexual assaults, lewd and lascivious conduct, as well as unwanted forced sexual groping of, and offensive physical contact with, multiple male employees. They show sodomy with at least one of the employees, identified here only by his initial M.

56.     The videos show Defendant Horn manhandling some of the substantially smaller assistants. For example, one of the videos shows Defendant Horn violently slapping around assistant P. (the smallest of the assistants at the time), and forcibly kissing P. on the mouth.

57.     When Preiss' wife Beatrice saw the surveillance videos, it increased marital tensions as it showed Preiss, among other victims, being treated as a sex object by Horn. Learning about the sexual abuse at the hands of Defendant Horn, involving her very own husband, caused Plaintiff Beatrice Preiss extreme emotional distress.

58.     Defendants' actions put extreme pressure on the Plaintiffs' marriage, and caused multiple arguments and sleepless nights.

59.     Plaintiff Preiss is in medical treatment as a result of the sexual harassment, and on anxiety medication. He is suffering from extreme anxiety, depression and insomnia.

60.     Subsequent to leaving the S&R employment, because of extreme anxiety, Preiss secured his home with multiple alarm systems, security cameras, and bullet-proof windows, at a cost of approximately $30,000.

61.   On June 1, 2010, Preiss filed a complaint with the Equal Employment Opportunity Commission (EEOC) in Las Vegas. The EEOC thereafter issued a right to sue letter.

## FIRST CAUSE OF ACTION
### (Unlawful Sexual Harassment and Discrimination Under Title VII-Against Defendant S&R)

62.   Plaintiff repeats and incorporates herein the allegations of paragraphs 1 through 61 as though fully set forth below.

63.   Under Title VII it is unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's sex.

64.   S&R discriminated against Plaintiff because of his sex through sexual harassment (both hostile environment and tangible job action sexual harassment), and the tangible job actions and adverse employment actions taken against him.

65.   As a result of the unlawful conduction in violation of Title VII's prohibition against sex discrimination, Plaintiff has suffered losses, including but not limited to, the loss of employment, substantial loss of pay, and loss of reputation and emotional distress. Also, Plaintiff reduced his other business activity to zero in order to serve S&R and Horn.

66.   Plaintiff is entitled to a declaratory judgment that the actions of S&R and Horn violated Title VII.

67.   As a result of Defendant's conduct, Plaintiff has been damaged in an amount in excess of $10,000.00.

68.   Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages under Title VII in amount in excess of $10,000.00.

69.   As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to his attorneys' fees and costs of suit as provided by Title VII, 42 U.S.C. §2000e – 5(k).

### SECOND CAUSE OF ACTION
**(Hostile Work Environment in Violation of Title VII-Against Defendant S&R)**

70.   Plaintiff incorporates herein the allegations of paragraphs 1 through 69 as though fully set forth below.

71.   Plaintiff was subjected conduct of a sexually harassing nature as detailed above.

72.   The conduct to which Plaintiff was subjected was unwelcome.

73.   The conduct detailed above was sufficiently severe and pervasive and did alter the conditions of Plaintiff's work environment and created an abusive working environment.

74.   As a result, Plaintiff has been damaged.

75.   Plaintiff is entitled to a declaratory judgment that the actions of S&R and Horn violated Title VII.

76.   As a result of Defendant's conduct, Plaintiff has been damaged in an amount in excess of $10,000.00.

77.   Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages under Title VII in amount in excess of $10,000.00.

78.   As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to his attorneys' fees and costs of suit as provided by Title VII, 42 U.S.C. §2000e – 5(k).

### THIRD CAUSE OF ACTION
**(Quid Pro Quo Hostile Work Environment-in violation of Title VII
-Against Defendant S&R)**

79.   Plaintiff incorporates herein the allegations of paragraphs 1 through 78 as though fully set forth below.

80.    At all times relevant herein, Plaintiff was a member of protected class.

81.    At all times relevant herein, Plaintiff was subjected to unwelcome sexual harassment in the form of sexual advances and requests for sexual favors because of his male gender as detailed above.

82.    At all times relevant herein, Plaintiff's submission to the unwelcome advances was an express and implied condition of his continued employment.

83.    Plaintiff's refusal to comply with the unwelcome sexual advances and requests for sexual favors resulted in a tangible job detriment as Plaintiff was terminated.

84.    Plaintiff is entitled to a declaratory judgment that the actions of S&R and Horn violated Title VII.

85.    As a result of Defendant's conduct, Plaintiff has been damaged in an amount in excess of $10,000.00.

86.    Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages under Title VII in amount in excess of $10,000.00.

87.    As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to his attorneys' fees and costs of suit as provided by Title VII, 42 U.S.C. §2000e – 5(k).

## FOURTH CAUSE OF ACTION
### (Assault and Battery-Against All Defendants)

88.    Plaintiff incorporates herein the allegations of paragraphs 1 through 87 as though set forth fully below.

89.    Defendant Horn subjected Plaintiff to a harmful and offensive touching as detailed above.

90.    The unlawful acts of Defendant Horn caused Plaintiff to reasonably apprehend an injury or offensive bodily contact.

91.    Defendant Horn's conduct cause Plaintiff physical harm and to cause him to suffer insulting or provoking contact.

92.    Defendant S&R is liable to Plaintiff for the assault and battery committed by Defendant Horn by virtue of the doctrine of *Respondeat Superior*.

93.    Plaintiff has suffered damages from Defendants' tortious conduct, including economic, pecuniary and emotional distress damages in excess of $10,000,00.

94.    Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages in excess of $10,000.00.

95.    As a direct and proximate result of Defendants' conduct, Plaintiff has been forced to file legal action and thus is entitled to his attorney's fees and costs.

### FIFTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress-Against all Defendants)**

96.    Plaintiff incorporates herein the allegations of paragraphs 1 through 95 as though set forth below.

97.    Defendant Horn's actions go beyond all possible bounds of decency, and are atrocious and utterly intolerable.

98.    Plaintiff is in treatment and on anti-anxiety medication as a result of Defendants' conduct.

99.    The actions of Defendants against Plaintiff described above were designed to inflict severe emotional distress upon Plaintiff and did inflict severe emotional distress upon Plaintiff.

100.    Defendant S&R is liable to Plaintiff for the acts committed by Defendant Horn by virtue of the doctrine of *Respondeat Superior*.

101.    Plaintiff has suffered damages from Defendants' tortious conduct, including economic, pecuniary and emotional distress damages in excess of $10,000,00.

102.    Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages in excess of $10,000.00.

103.    As a direct and proximate result of Defendants' conduct, Plaintiff has been forced to file legal action and thus is entitled to his attorney's fees and costs.

## SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress-on behalf of Plaintiff Priess and Beatrice-Against all Defendants)

104.    Plaintiff incorporates herein the allegations of paragraphs 1 through 103 as though set forth below.

105.    Defendant Horn engaged in intentional, severe and outrageous behavior as set forth above.

106.    Beatrice and Plaintiff are husband and wife and thus Beatrice is closely related to Priess.

107.    The sexual assaults and other improper sexually charged acts of Defendant Horn against Plaintiff and others, as described above, severely affected Plaintiff's wife, Beatrice Preiss, and led to marital discord.

108.    Additionally, Beatrice Preiss was emotionally injured by the contemporaneous sensory observance of the sexual harassment and the impact it had on her husband; suffered extreme and severe emotional distress and resulting physical symptoms.

Page 12 of 17

109.     Defendants' actions put extreme pressure on the Plaintiffs' marriage, and caused multiple arguments and sleepless nights.

110.     Plaintiff Oliver Preiss is in medical treatment and anxiety medication and therefore also suffered extreme and severe emotional distress with resulting physical symptoms.

111.     Pursuant to NRS 616C.180(3)(c), harm caused by layoff, termination or discipline of an employee is not compensable through worker's compensation statutes and thus Preiss' claim is not preempted.

112.     Defendant S&R is liable to Plaintiff for the acts committed by Defendant Horn by virtue of the doctrine of *Respondeat Superior*.

113.     Plaintiffs, and each of them, have suffered damages from Defendants' tortious conduct in an amount in excess of $10,000.00.

114.     As a direct and proximate result of Defendants' conduct, Plaintiffs have been forced to file legal action and thus are entitled to their attorney's fees and costs.

### SEVENTH CAUSE OF ACTION
### (Unlawful Retaliation In Violation of Title VII-against S&R)

115.     Plaintiff incorporates herein the allegations of paragraphs 1 through 114 as though set forth below.

116.     Priess engaged in protected activity when he complained of/opposed Defendant Horn's conduct.

117.     Defendant retaliated against Plaintiff by terminating him.

118.     Plaintiff's termination is a direct result of his opposition/complaints regarding Defendant's Horn's conduct and this is causally connected.

119.     As a result of the unlawful conduct, of the violations of Title VII's prohibition against retaliation, Plaintiff suffered damages in an amount in excess of $10,000.00.

120.    Plaintiff is entitled to a declaratory judgment that the actions of S&R and Horn violated Title VII.

121.    As a result of Defendant's conduct, Plaintiff has been damaged in an amount in excess of $10,000.00.

122.    Additionally, the conduct of Defendant and its employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages under Title VII in amount in excess of $10,000.00.

123.    As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to his attorneys' fees and costs of suit as provided by Title VII, 42 U.S.C. §2000e – 5(k).

## EIGHTH CAUSE OF ACTION
### (Loss of Consortium-on behalf of Beatrice-Against All Defendants)

124.    Plaintiff incorporates herein the allegations of paragraphs 1 through 123 as though set forth below.

125.    By virtue of Defendant Horn's conduct, Beatrice as been deprived of the love, companionship, affection, society, solace and/or more of her husband.

126.    Because of Defendant Horn's conduct, the relationship between Beatrice and her husband has been damaged.

127.    Pursuant to NRS 616C.180(3)(c), harm caused by layoff, termination or discipline of an employee is not compensable through worker's compensation statutes and thus this derivative claim is not preempted.

128.    Defendant S&R is liable to Plaintiff for the acts committed by Defendant Horn by virtue of the doctrine of *Respondeat Superior*.

129.    As a result of Defendant Horn's conduct, Beatrice has been damaged in excess of $10,000.00.

130.   As a result of Defendant Horn's conduct, Beatrice has been forced to bring legal action and thus is entitled to her attorney's fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays judgment against Defendants as follows:

1.   That a declaratory judgment be issued declaring that the actions of Defendants violated Title VII and that Plaintiff be awarded injunctive relief under Title VII;

2.   That judgment be entered in favor of Plaintiff and jointly and severally against S&R and Horn, awarding Plaintiff all remedies available under Title VII, including but not limited to, front pay, back pay, compensatory damages, punitive damages, interest, fees and costs;

3.   That Plaintiffs be awarded their costs and attorneys' fees for all costs and fees incurred in connection with this matter;

4.   That Plaintiff be awarded judgment of compensatory and punitive damages on his claims;

5.   That Beatrice be awarded all compensatory, special and other damages allowed with respect to her claims;

6.   That Plaintiffs be awarded such other and further relief that the Court deems just and equitable;

//
//
//
//

7.    That the Court retain jurisdiction over Defendants until such time as it is satisfied
that they have fully remedied the practices complained of and are determined to
be in full compliance with the law and that all amounts awarded are paid to
Plaintiff by Defendants.

Dated this ___17___ day of September, 2010.

                              **NELSON LAW**

                              _____
                              SHARON L. NELSON
                              Nevada Bar No. 6433
                              401 N. Buffalo, Suite 100
                              Las Vegas, Nevada 89145
                              Attorneys for Plaintiff

                              MIKE MEIER
                              *To be admitted pro hac vice*
                              INTERNATIONAL LAW GROUP, LLC
                              6525 76th Street
                              Cabin John, MD 20818

                              Attorneys for Plaintiffs
                              OLIVER AND BEATRICE PREISS

Page 16 of 17

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands trial by jury.

3

Dated this _____ 17 _____ day of September, 2010.

4

NELSON LAW

5

6

_____

7

SHARON L. NELSON
Nevada Bar No. 6433

8

401 N. Buffalo, Suite 100
Las Vegas, Nevada 89145

9

Attorneys for Plaintiff

10

MIKE MEIER
*To be admitted pro hac vice*

11

INTERNATIONAL LAW GROUP, LLC
6525 76th Street

12

Cabin John, MD 20818

13

Attorneys for Plaintiffs

14

OLIVER AND BEATRICE PREISS

15

16

17

18

19

20

21

22

23

24

25

**<u>Exhibit B</u>**

Hello Randy,

First of all I would like to let you know that I came here from Germany with my own idea for a business as a german tour guide service.

Before I met Mr. Roy I already paid my house and all of my five cars in cash by myself. This I tell you only to make clear that I already came to Las Vegas as a successful person.

My feeling is it that you misjudge my person without knowing my past. You make fun of me and my education (email between Sharon and you) without knowing what my abilities mean for Mr. Roy.

Now after more than a year and after we finally decided (it was my wish) to make my payments official and you are able to set my service off against tax liability NOW you're asking me to work for a lower fee? That sounds unbelievable to me. Even that I know that other persons (Luis) got much more money per hour ($120 plus gas) without any kind of experience like me. Just like I only charge Mr. Roy for a maximum of 5 hours a day whether I have to come twice a day (total of 80 miles/2h 40min running time) or if I'm there for more than 5 hours (sometimes up to 12 hours). And with this in mind you'll see I get less than $40 per hour. That I charge Mr. Roy for not more than 5 hours a day was my own generous thought. This was the minimum of income in Euro when I worked in Germany as a self employed physical therapist.

I can't imagine that Mr. Roy complained about my payment and I would like to make sure that I only work personally for Mr. Roy. I'm not employed by you or the S&R office. My only boss is Mr. Roy himself. For him I'm always available and helpful. If he doesn't need my service any more then I go back to my tour business and get also $100 per hour without using my own car.

The only "compromise" I would make is to go down to $80 per hour plus travel costs($25/appointment) and the total hours I work for Mr. Roy. But you'll see this woul be much more money for Mr. Roy.

PREISS0089

**<u>Exhibit C</u>**

2010  05/07  18:44  FAX

✉ 001/001



7 May 2010

Mr. Roy Horn
c/o S & R Executive Office
1639 N. Valley Drive
Las Vegas, NV 89108
*Via facsimile (702) 648-0519 & Certified Mail*

WASHINGTON, DC AREA
6525 76th Street
Cabin John, MD 20818
(202) 544-7745
(202) 544-7746 *fax*
www.internationallawgroup.com

MIKE MEIER (DC, MD, VA, NY)
MARCUS EHRHART (FLC, NY)
MATTHEW R. JOSEPH (NY, DC)
GEORGE NELSON (VA)

### RE: Services by Mr. Oliver Preiss

Dear Mr. Horn:

Our law firm represents Mr. Oliver Preiss. From the prior communications exchanged between your representatives and Mr. Preiss, it appears that the relationship has deteriorated. Mr. Preiss has certain grievances at this point:

(1) Mr. Preiss' invoice of $2,750 has not yet been paid.
(2) Mr. Preiss has served you loyally and faithfully, making himself available whenever you needed him - anytime. In fact, to serve you better, he stopped operating his tour bus business.
(3) Without going into too much detail, it appears that the work environment has been hostile, and there is physical evidence to support that.
(4) Mr. Preiss has suffered severe financial losses by serving you, to the detriment of his own business. In fact, he has nothing at this point because he relied on you.

To resolve these grievances amicably, we propose a settlement of $500,000 (five hundred thousand dollars). We are open to confidential mediation.

I look forward to hearing from you or your attorney.

Sincerely,

**INTERNATIONAL LAW GROUP, LLC**

Mike Meier

**Exhibit D**

# NATIONAL ENQUIRER



## BRAD TRASHES ANGELINA
**His rage over new tell-all book**



## SIEGFRIED & ROY SHOCKER!
**Roy caught on video soliciting GAY sex**



## CHELSEA'S SECRET COLLAPSE!
**Hours before wedding**



BABY LOUIS

**BREAKING NEWS**

# SANDRA BULLOCK BABY'S LIFE IN DANGER!

- Death threats & terrifying kidnap plots
- Her car swept for bombs
- She hires 15 bodyguards

**PLUS** FBI investigates murder for hire scheme!

AUGUST 16, 2010
$3.59 US / $5.49 Canada
www.nationalenquirer.com
0 71486 51026 0

## NICOLE RICHIE SNAPS
**– Joel chooses work over marriage**



ENQUIRER EXCLUSIVE

# Siegfried & Roy
# SEX SHOCKER!

**Videotape shows injured magician groping & fondling male assistants**

2009/04/

ROY

EMPLOYEE

CENSORED

An employee tries to pull Roy's hand away as the disabled magician grabs the man's crotch

ROY

EMPLOYEE

Roy attempts to force an employee's head down

questions about their sexuality — made sexual advances toward him.

"Siegfried backed off when I made it plain that I was straight and not interested, but Roy did not," divulged the ex-employee, who's now under psychiatric care.

"Roy's unwanted sexual advances got progressively worse, severe and frequent beginning in January of this year. It was a very vile situation, and I felt degraded and abused.

"I never thought that I could be the victim of sexual harassment. I never

imagined that my boss, another man, could be in such a position of power, both financially and psychologically, over me."

The man claims Roy's behavior has caused lasting damage to his everyday life and mental health.

"This abuse has placed an enormous strain on my marriage and my personal relationship with my wife. I now suffer extreme anxiety, depression and insomnia," he divulged.

By JOHN BLOSSER
jblosser@nationalenquirer.com

**R**OY HORN – one half of Las Vegas' famed Siegfried & Roy duo – has been accused of sexually assaulting his male assistants...and the attacks have been captured on film!

The ENQUIRER exclusively obtained a shocking videotape that shows Roy groping, fondling and sexually harassing his male employees. And a legal expert calls it criminal behavior that could put the entertainer – crippled in 2003 by one of his legendary white tigers – behind bars for up to 10 years!

One former assistant has already filed a sexual harassment complaint with the Equal Employment Opportunity Commission (EEOC), and plans to slap Roy with a civil lawsuit seeking substantial monetary damages, according to his attorney Mike Meier.

"Roy Horn's sexual advances became unbearable, and began to take on the shape of unprovoked sexual attacks" the ex-employee – a straight man who's married with children – told The ENQUIRER.

"He ordered me to touch his genitals and groped me repeatedly, both inside and outside my pants. He also threatened to fire me if I didn't comply with his demands. In the end, I quit because of the harassment."

**THE ENQUIRER IS NOT RELEASING** the ex-employee's name because he wants to remain anonymous at this time. But if his lawsuit is upheld, "the scandal threatens to destroy Siegfried and Roy's popular image with their legions of fans,"

ENQUIRER – filmed by a hidden camera installed in Roy's bedroom by one of his workers – shows assistants helping Roy from his bedroom to the bathroom.

On the tape, Roy is seen locking his right arm around their throats, and then forcing his hand inside their shirts and down their pants, grasping at their private parts, as they struggle to fend him off. He also tries to force their heads between his legs.

"Roy may be handicapped, but his right arm is very strong," said the ex-employee. "Once he gets that arm around you, you're at his mercy."

Roy's behavior on the tape "is a crime and a felony under Nevada law. It can be considered an assault," attorney Sharon Nelson, founding partner of Nelson Law in Las Vegas, a firm specializing in sexual harassment, told The ENQUIRER.

"This could be prosecuted as criminal behavior and carry a penalty of one to ten years in prison, depending on how severe or egregious it is perceived to be. I would encourage them to file a police report."

Attorney Meier of International Law Group filed the EEOC complaint on behalf of Roy's former employee and slammed the entertainer's outrageous behavior on the video.

"It shows rampant sexual harassment, lewd and lascivious and abusive conduct, as well as unwanted forced sexual groping and physical contact of multiple male employees and a pervasive hostile work environment," Meier told The ENQUIRER.

"There are dozens of hours of videotape, and they include extensive,



Siegfried and Roy with Montecore, the tiger that nearly killed Roy in 2003



Attorney Mike Meier filed a complaint on behalf of his client

filed with the EEOC states: "I was subjected to sexual harassment by Roy Horn in that he asked me to touch him and he groped me repeatedly. I asked Mr. Horn to stop and he threatened my employment."

The ex-employee chose not to report Roy's actions to Las Vegas police because "in a criminal proceeding, the victim never gets fully compensated. The purpose of a civil proceeding is to compensate the person who suffered the loss," Meier said.

"Since Siegfried and Roy have shown no interest in settling out of court, we are forced to file a civil suit."

**SEVERAL MORE FORMER** employees who quit due to Roy's sexual assaults are expected to join in the lawsuit, according to Meier.

"With so many victims, if you add up damages and mental anguish, it is potentially a multimillion-dollar lawsuit," said Meier, who plans to file the civil suit within weeks if no settlement is reached.

The former employee worked for Roy for two years beginning in May 2008. He says both Siegfried and Roy – who have long ducked

Beginning in or about 01/2010, I was subjected to sexual harassment by Roy Horn in that he asked me to touch him and he groped me repeatedly. I asked Mr. Horn to stop and he threatened my employment. Finally, I could no longer endure the sexual harassment and felt compelled to quit my employment.

I believe that I was sexually harassed and discriminated against because of my sex, Male, in violation of Title VII of the Civil Rights Act of 1964, as amended.

a source told The ENQUIRER.

Roy, 65, and his partner Siegfried Fischbacher, 71, earned millions as one of the biggest shows in Vegas until Roy was attacked at the Mirage seven years ago by Montecore, a 600-pound white tiger. Roy suffered severe injuries that required several operations and extensive rehab. A team of male assistants now care for him around the clock at his palatial home in Las Vegas.

The videotape obtained by The

extremely graphic and quite disturbing evidence of sexual misconduct perpetrated against individuals in the workplace."

On the tape, one employee cooperates with Roy sexually, but the others resist his advances, blocking his hands and pushing him away. As many as 12 personal assistants were hired over a two-year period and many resigned over the sexual harassment, according to the ex-employee. The complaint that he

**Exhibit E**

| thecelebritynow | Search | Browse | Upload | | Create Account | Sign In |

# workplace discussion COMP.mov

**TheCelebrityNow**  1 videos    Subscribe



**Suggestions**


**Mike In The Window**
by downy
31,502 views        Promoted Video


**Bollywood Mix Maal**
by Sagar619lut
121 views


**BOWCHICKABOWWOW!**
(4.23.10 - Day 358)
by CTFxC
392,755 views


**Miley Cyrus Named Worst Celebrity Influence of ...**
by clevverTV
41,494 views


**Yeh Mera Dil - Don: The Chase Begins Again 2006**
by BollywoodNasha
559 views


**Razer - Man of Pleasure**
by blackfire18
903 views


**Celebrity Thanksgiving Plans 2010**
by HollyscoopTV
571 views


**batman vs the green hornet (bruce lee)1 of 4**
by melamane
96,553 views


**Sports Science: "World Record Kick to the Groin...**
by rockboy1138
1,461,148 views


**AB OfficeStress2 1**
by shahzadkhatri
134 views


**The funniest video ever!!**
by johannz
4,854,800 views

**Morning Glory (2010) Movie Review**
by christinculturecom
22 views

**The Real Housewives Of Atlanta Season 2 Episode...**
by RealityTVNetwork
15,354 views

**My Top 30 Couple Dances of S5 #10-6**
by oanadriana
1,027 views

The Quigley Formula - Part 2 of 8
by MCDHTX

---

Like        Add to  ▼     Share   Embed             **246** views

**TheCelebrityNow**  |  November 28, 2010  |  1 likes, 0 dislikes

The Siegfried and Roy Scandal: Did you wonder how Roy got caught on video? Heres the answer: apparently there was moneystolen and Roy had the cameras installed to see who the robber is. This is a video of Roy looking at the videos with employees. More cutting egde celebrity news at www.bollywood.com!

**Category:**
Entertainment

**Tags:**
Siegfried and Roy Scandal   how Roy got caught on video

---

All Comments (9)                                                            see all

Respond to this video...

This is the text of the complaint: abcnews.go.com/Entertainment/page?Id=11690215
RosalieJohnston 1 month ago

Folks: check out the complant in that lawsuit. ABC new published
it: abcnews.go.com/entertainment/page?Id=11690215
RosalieJohnston 1 month ago

Hey guys, I just found some of the pictures from the National Enquirer on the internet, I just googled Siegfried and Roy scandal National Enquirer in images. I think these are some of the pics showing Roy groping his male workers.
MrJDrover 1 month ago

Whoa! That explains a lot. That is really funny. he wanted to catch a thief and then he himself was caugt sexually harassing employees!
MrJDrover 1 month ago

Wow! I never thought they would do such things. Does anybody know more about that law suit?
DesireeGonzalez34 2 months ago

Wow! I never thought they would do such things. Does anybody know more about that law suit? I only saw the picturesm from the National Enquirer.
DesireeGonzalez34 2 months ago

☆TheCelebrityNow: I think thyere is more stuff coming because other victims of the scandal have gone to the Equal Employ Oportunity Commision, EEOC, and filed complaints. More news soon.
TheCelebrityNow 2 months ago

---

**Exhibit F**

**From:** Mike Meier [mailto:Mike.Meier.Esq@InternationalLawGroup.com]
**Sent:** Friday, July 30, 2010 7:15 AM
**To:** Putnam, Marvin
**Cc:** Mike Meier
**Subject:** Re: CONFIDENTIAL - Preiss v. S&R - Crime of "sexual assault"

Dear Marvin:

In case we are unable to speak today, we another major problem. We have received advisement from a Las Vegas law firm:

Section on "crimes against the person" in Nevada: http://www.leg.state.nv.us/nrs/NRS-200.html#NRS200Sec364

CHAPTER 200 - CRIMES AGAINST THE PERSON

**NRS 200.364 Definitions.** As used in NRS 200.364 to 200.3784, inclusive, unless the context otherwise requires:
….

   3. "Sexual offense" means any of the following offenses:
   (a) Sexual assault pursuant to NRS 200.366. …

   4. "Sexual penetration" means cunnilingus, fellatio, or any intrusion, however slight, of any part of a person's body or any object manipulated or inserted by a person into the genital or anal openings of the body of another, including sexual intercourse in its ordinary meaning.

NRS 200.366 Sexual assault: Definition; penalties.
   1. A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or herself or another, or on a beast, against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his or her conduct, is guilty of sexual assault.
   2. Except as otherwise provided in subsections 3 and 4, a person who commits a sexual assault is guilty of a category A felony and shall be punished:
   (a) If substantial bodily harm to the victim results from the actions of the defendant committed in connection with or as a part of the sexual assault, by imprisonment in the state prison:
      (1) For life without the possibility of parole; or
      (2) For life with the possibility of parole, with eligibility for parole beginning when a minimum of 15 years has been served.
   (b) If no substantial bodily harm to the victim results, by imprisonment in the state prison for life with the possibility of parole, with eligibility for parole beginning when a minimum of 10 years has been served.
   ….

Regards/Mit freundlichen Grüssen
Mike Meier
International Law Group, LLC
Direct Line: (202) 580-8759
Cell Phone: (202) 460-9171
eFax: (202) 747-5795

Email: mike.meier.esq@internationallawgroup.com
Website: www.internationallawgroup.com