UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OLIVER PREISS, an individual; and<br>BEATRICE PREISS, an individual,<br><br>              Plaintiffs,<br><br>vs.<br><br>S&R PRODUCTION COMPANY, a Nevada<br>corporation; and ROY HORN AKA UWE<br>LUDWIG HORN AKA ROY UWE HORN, an<br>individual,<br><br>              Defendants. | Case No.: 2:10-cv-01795-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion for Attorneys' Fees–#36;<br>Motion for Judgment to be Entered–#37;<br>Motion to Revise/Withdraw Order–#41) |

Before the Court is Defendants S&R Production Company and Roy Horn's **Motion for Attorneys' Fees** (#36, filed Apr. 8, 2011), Defendants **Motion for Judgment to be Entered** (#37, filed Apr. 8, 2011), and Plaintiffs Oliver Preiss and Beatrice Preiss' **Motion to Revise/Withdraw Order** (#41, filed May 2, 2011). The Court has also considered the relevant responses and replies to these motions.

**BACKGROUND**

For a more detailed recitation of the facts of this case, the Court directs the reader to its Order (Dkt. #35). The Court will only quickly explain the factual background here and

1  explain the relevant procedural posture.  At some point in 2008, Mr. Preiss began working for Roy
2  Horn as a personal assistant.  Preiss alleges that during the course of his employment Horn
3  repeatedly made sexual overtures and inappropriately touched him.  He also alleges that Horn's
4  home, where he worked, was a very sexualized environment.  Preiss also claims that Horn
5  eventually fired him after Preiss continued to turn down Horn's overtures.

6  Preiss then filed a complaint with the Equal Employment Opportunity Commission
7  and, later, a complaint in the Eighth Judicial District Court for the State of Nevada ("State Court")
8  against Horn and his separate company, S&R Production Company.  Defendants removed this case
9  under federal question jurisdiction because of the Title VII employment discrimination claims
10 included in the complaint.  Defendants then brought a motion to dismiss the Title VII claims and
11 certain of the state law claims.  Almost three months after the motion to dismiss became ripe,
12 Plaintiffs filed a notice of voluntary dismissal purporting to dismiss Plaintiffs' federal causes of
13 action.  Concurrently, Plaintiffs filed a motion to remand claiming that their notice of voluntary
14 dismissal destroyed this Court's subject matter jurisdiction.  The parties briefed this motion as well
15 and then the day before this Court issued its order on both the motion to dismiss and the motion to
16 remand, Plaintiffs filed a second notice of voluntary dismissal purporting to dismiss Plaintiffs'
17 remaining claims.  The Court then issued its order granting Plaintiffs request to voluntarily dismiss
18 its federal claims, dismissing Plaintiffs' negligent infliction of emotional distress (NIED) and
19 *respondeat superior* claims, denying Plaintiffs' motion to remand, and granting Plaintiffs request
20 to voluntarily dismiss their state law claims remaining after the Court's dismissal.

21 After this order, Plaintiffs (along with other, new plaintiffs) apparently refiled their
22 claims in state court minus the federal claims.  Defendants have now requested the Court to grant
23 them fees under 28 U.S.C. § 1927 for having to bring their motion to dismiss, respond to
24 Plaintiffs' motion to remand, and participate in an Early Neutral Evaluation session.  Defendants
25 also request that the Court enter a separate judgment and Plaintiffs request that the Court grant
26

AO 72
(Rev. 8/82)

them relief from its order dismissing their state law claims.  For the reasons discussed below, the Court grants Defendants' motions and denies Plaintiffs' motion.

**DISCUSSION**

**I.     Motion for Attorneys' Fees under 28 U.S.C. § 1927**

Defendants seek fees relating to their motion to dismiss as regards Plaintiffs' negligent infliction of emotional distress (NIED) claims and Title VII claims and relating to Plaintiffs' motion to remand.  The Court will address Plaintiffs' counsel's[1] conduct as regards each motion separately.

   **A.    Standard**

When a party's counsel "multiplies the proceedings in any case unreasonably and vexatiously," the Court may require that counsel "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927; *see also Thomas v. Girardi*, 611 F.3d 1027, 1060-61 (9th Cir. 2010).  "A court can award § 1927 sanctions only upon a finding of bad faith, which is present when an attorney acts with knowing recklessness or argues a meritorious claim for the purpose of harassing the opposition."  *Mirch v. Frank*, 266 Fed. Appx. 586, 588 (9th Cir. 2008) (citing *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002)).  Thus, a district court appropriately awards fees under § 1927 when the opposing attorney multiplies the proceedings by knowingly or recklessly making frivolous arguments.  *Maui Police Dep't*, 276 F.3d at 1107.

   **B.    Motion to Dismiss**

Plaintiffs wasted this Court's and Defendants' time and resources by challenging Defendants' motion to dismiss.  Plaintiffs claims were not simply without merit, but blatantly and undeniably so.  Plaintiffs, in fact, had to twist their words (lumping S&R and Horn together as a

---

[1] As a general matter, when the Court refers to the Plaintiffs in this order, the Court is actually referring to Plaintiffs' counsel as § 1927 addresses counsel action and a party's counsel pays a fees award under § 1927, not the parties themselves.

3

1  defined term) and attempt to twist the law in order to defend the motion, and thereby violated their
2  duty of candor to the court and caused Defendants to incur excess fees as contemplated by § 1927.

3  **1.  NIED Claim**

4  Mrs. Priess' NIED claim was absurd.  In Nevada, a claim for NIED requires that the
5  plaintiff have been "located near the scene" of the incident and be "emotionally injured by the
6  contemporaneous sensory observance" of the acts precipitating the NIED claim.  *Grotts v. Zahner*,
7  989 P.2d 415, 516 (Nev. 1999).  Here, Mrs. Priess viewed the acts by video well after they actually
8  took place.  It is axiomatic that one cannot contemporaneously observe something when they first
9  observe it at a later date.  And since Mrs. Priess observed the incident by video tape at a later date,
10 it was perfectly clear that she was not located near the events when she observed them.  Plaintiffs
11 statement that "Beatrice Preiss was near the scene in that she directly observed the traumatic
12 events unfold via video, which contemporaneously related to the direct emotional shock she
13 suffered," demonstrates Plaintiffs willingness to ignore the law and prolong these proceedings with
14 baseless claims and frivolous arguments. (Dkt. #17, Opp. at 14).  Rather than making this
15 ridiculous and nonsensical argument, Plaintiffs should have conceded this claim in their response
16 and not required Defendants to continue defending against it.  Since Plaintiffs did not, they
17 needlessly, unreasonably, and vexatiously multiplied the proceedings in bad faith.

18 **2.  Title VII Claim**

19 Mr. Priess' Title VII claim was not any better.  Any competent attorney practicing
20 employment law knows that a Title VII claim may only be brought against a plaintiff's employer.
21 *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503 (2006).  Plaintiffs attempted to conflate S&R
22 Production with Horn by defining them as "S&R *et al.*" and claiming that Preiss worked for S&R
23 *et al.*, or generically for Defendants.  This was simply not the case.  Mr. Preiss himself has stated
24 that he did not work for S&R Production, but for Horn. (Dkt. #36, Ex. B, Letter from Mr. Preiss.)
25 Plaintiffs simply did not need discovery to determine who employed their client as they now
26 contend.  Thus, it was impossible for Plaintiffs to believe in any way that they could sustain a Title

VII claim against either S&R Production–not Preiss' employer–or Horn.  As with the NIED claim, Plaintiffs should have conceded this claim in their response and not required Defendants to continue defending against it.  Since Plaintiffs did not, they needlessly, unreasonably, and vexatiously multiplied the proceedings in bad faith.

      **C.**      **Motion to Remand**

Plaintiffs' motion to remand was based on patent misinterpretations of the law or, worse, misrepresentations of the law.  The Court will not opine on which is more accurate, but notes that it has the authority to award fees regardless of whether the motion was based on an unacceptable, reckless misinterpretation and misunderstanding or on blatant and knowing misrepresentations.

Plaintiffs' motion to remand was a bare four pages that attempted to wax eloquent about subject matter jurisdiction and how Plaintiffs' attempted voluntary dismissal of their federal claims deprived this court of jurisdiction.  Plaintiffs further argued that since they had eliminated this Court's jurisdiction, the Court was *required* to remand this case to state court.  Neither of these contentions held the least bit of merit. First, Federal Rule of Civil Procedure 42(a)(1) only allows a plaintiff to voluntarily dismiss their entire case, not mere pieces of it (further explained below), and not to manipulate jurisdiction as Plaintiffs attempted.  Further, even had Plaintiffs been permitted to dismiss their federal causes of action without leave of this Court, this did not destroy the Court's supplemental jurisdiction over the remaining state law claims.  *See, e.g.*, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009) (federal courts maintain supplemental jurisdiction over state law claims after the federal claims creating original jurisdiction are eliminated); *Albinga Versicherungs A.G. v. Schengker Int'l, Inc.*, 344 F.3d 931, 937 (9th Cir. 2003) (same).

Plaintiffs could have argued (after being granted leave to amend and dismiss their federal claims) that this Court should have declined to exercise its supplemental jurisdiction. *Carlsbad*, 129 S. Ct. at 1866 (under 28 U.S.C. § 1367, district courts have discretion to decline to

AO 72
(Rev. 8/82)

1  exercise supplemental jurisdiction where they have dismissed all claims over which they had
2  original jurisdiction).  Yet, Plaintiffs did not argue that the Court should decline supplemental
3  jurisdiction until their response to the motion for fees (and did not even wait until the Court had
4  actually dismissed their federal claims).  Instead, Plaintiffs argued that they had destroyed this
5  Court's subject matter jurisdiction over the case and ignored (or failed to research) the controlling
6  precedent on supplemental jurisdiction, which they now admit controls.  Thus, Plaintiffs'
7  arguments were knowingly frivolous as they do not even contend that they were unaware of the
8  controlling case law.  And even if Plaintiffs were unaware, this was reckless as a simple search
9  would have revealed the controlling precedent.  At best Plaintiffs' argument was frivolous and
10 recklessly unfounded.

### D. Fees Award

Because of the baselessness of Plaintiffs opposition to the NIED and Title VII claims and the motion to remand, and because of the subjective bad faith demonstrated by Plaintiffs arguments and method[2] of litigating this case, the Court awards attorneys' fees to Defendants.  However, the Court will not do so in the amount requested for the following reasons.  First, § 1927 does not apply to an initial pleading, or in other words, a complaint.  *Moore v. Keegan Mgmt. Co. (In re Keegan Mgm.t Co., Sec. Litig.)*, 78 F.3d 431, 435 (9th Cir. 1996).  Thus, the Court will not grant fees for initially moving to dismiss the complaint because if Plaintiffs had conceded these issues in their response they would not have multiplied the proceedings.  *See id*.  However, the Court will grant (reduced) fees for Defendants' Reply (Dkt. #23) since Plaintiffs worthless arguments in their Response (Dkt. #17) did multiply these proceedings.  Second, applying the lodestar method, Defendants arrived at a lodestar rate of $452.53.  The Court

---

[2] The Court refers to Plaintiffs use of thinly veiled threats (Dkt. #36, Ex. F, email from Mike Meier dated July 30, 2010; Ex. G, email from Mike Meier dated June 4, 2010), use of tabloid media to pressure Defendants (*id*., Ex. D, National Enquirer article), dishonesty with this Court (*compare id*., Ex. C, offer to settle for $500,000, *with* Dkt. #38, Opp. at 8:6-7 ("Mr. Meier's communications do not discuss any dollar amount"), Plaintiffs continued arguments that they managed to deprive this Court of jurisdiction over this case, and other conduct as described in Defendants motion and accompanying exhibits.

considers this excessive under the factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), and reduces the lodestar rate from $452.53 to $350.00.  Finally, the Court considers the amount of time Defendants spent on these issues was also excessive because the NIED, Title VII, and remand issues were not complicated.  Rather, these issues were simple because Plaintiffs arguments were frivolous and completely unfounded.  Therefore, the Court will reduce the requested hours by one third to make both the time charged and amount charged reasonable as required by § 1927.  As such, the Court awards fees for 53.7 hours opposing Plaintiffs' motion to remand (Defendants originally requested 80.6 hours), the 17.3 hours for the reply to the motion to dismiss (Defendants originally requested 25.9), and 35.9 for the Early Neutral Evaluation session (Defendants originally requested 53.9).  This amounts to 106.9 hours multiplied by $350, which equals $37,415.00, which the Court finds reasonable.  Therefore, the Court awards Defendants fees in the amount of $37,415.00 rather than the $109.081.25 requested.

## II.      Request for Entry of Judgment

The Court grants Defendants' request for an entry of judgment.  Plaintiffs contend that this Court cannot enter judgment because its order (#35) dismissing some of Plaintiffs' claims was a legal nullity as Plaintiffs had already voluntarily dismissed their claims with a Rule 41(a)(1) notice.  Plaintiffs are incorrect.  In the Ninth Circuit, Plaintiffs cannot dismiss fewer than all of their claims under Rule 41(a)(1).  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals.") (citing *Etheridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988)).  Piecemeal dismissals is exactly what Plaintiffs sought with their two separate notices of voluntary dismissal as each notice sought to dismiss different subsets of Plaintiffs' claims.  (*See*, Dkt. #31, filed Feb. 14, 2011, and #34, filed Mar. 16, 2011.)  Rather, "withdrawals of individual claims against a given defendant are governed by [Rule] 15, which addresses amendments to the pleadings." *Id*. (citing *Etheridge*, 861 F.2d 1389).  Thus, it was not this Court's order, but Plaintiffs' notices that were legal nullities.  The Court was free to ignore them

AO 72
(Rev. 8/82)

or treat them as motions for leave to amend the complaint. The Ninth Circuit cases Plaintiffs cite for the contrary proposition did not actually deal with the issue present in this case and therefore any commentary on this issue was mere dicta and not binding precedent. *See generally*, *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (addressing whether a plaintiff could dismiss fewer than all parties, not fewer than all claims).[3]

Since Plaintiffs no longer qualified for amendment as a matter of right under Rule 15, Plaintiffs' notices required an order from this Court essentially granting amendment or leave to amend to become effective. *See Hells Canyon*, 403 F.3d at 687–88. In its order, the Court granted leave to amend by dismissing Plaintiffs' Title VII claims and the state law claims that remained pending after the Court separately dismissed the NIED and *respondeat superior* claims. Thus, the Court may enter judgment on the NIED and *respondeat superior* claims.

**III.   Motion for Relief from Order under Rule 60(b)**

No. The Court is unsure what more it need say. Plaintiffs motion, which is essentially a motion for reconsideration, seeks to have the Court declare its prior order void on faulty legal grounds. Plaintiffs motion is nothing more than a rehash of its opposition to Defendants' motion for entry of judgment, which the Court granted above. Thus, the same analysis applies. The Court's order on Plaintiffs' NIED and *respondeat superior* claims was not void because Plaintiffs' notices of voluntary dismissals were ineffective when filed as this Circuit does not allow for piecemeal dismissal under Rule 41(a)(1). *Hells Canyon*, 403 F.3d at 687 ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals.") (citing *Etheridge*, 861 F.2d 1389). Accordingly, the Court denies Plaintiffs' motion as there are no grounds to grant relief from the Order.

---

[3] *See also*, *Hamilton v. Shearson-Lehman American Express, Inc.*, 813 F.2d 1532, 1534 (9th Cir. 1987) (addressing timing of Rule 41(a)(1) notices); *Miller Reddin*, 422 F.2d 1264 (9th Cir. 1970) (same).

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Attorneys' Fees (#36) is GRANTED as follows:

- Plaintiffs counsel is sanctioned in the amount of $37,415.00 under 28 U.S.C. § 1927.

IT IS FURTHER ORDERED that Defendants Motion for Judgment to Be Entered (#37) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs Motion to Revise/Withdraw Order (#41) is DENIED.

Dated: September 20, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**