1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

# DISTRICT OF NEVADA

10

**\* \* \***

11  OLIVER PREISS, an individual; and                    )        Case No.: 2:10-cv-01795-RLH-RJJ
    BEATRICE PREISS, an individual,                      )
12                                                        )            **O R D E R**
                         Plaintiffs,                      )
13                                                        )        (Motion for Attorneys' Fees–#36;
            vs.                                           )        Motion for Judgment to be Entered–#37;
14                                                        )        Motion to Revise/Withdraw Order–#41)
    S&R PRODUCTION COMPANY, a Nevada                     )
15  corporation; and ROY HORN AKA UWE                    )
    LUDWIG HORN AKA ROY UWE HORN, an                     )
16  individual,                                           )
                                                          )
17                       Defendants.                      )
    _____ )

18

19          Before the Court is Defendants S&R Production Company and Roy Horn's **Motion**

20  **for Attorneys' Fees** (#36, filed Apr. 8, 2011), Defendants **Motion for Judgment to be Entered**

21  (#37, filed Apr. 8, 2011), and Plaintiffs Oliver Preiss and Beatrice Preiss' **Motion to**

22  **Revise/Withdraw Order** (#41, filed May 2, 2011).  The Court has also considered the relevant

23  responses and replies to these motions.

24                                            **BACKGROUND**

25          For a more detailed recitation of the facts of this case, the Court directs the reader

26  to its Order (Dkt. #35).  The Court will only quickly explain the factual background here and

explain the relevant procedural posture.  At some point in 2008, Mr. Preiss began working for Roy Horn as a personal assistant.  Preiss alleges that during the course of his employment Horn repeatedly made sexual overtures and inappropriately touched him.  He also alleges that Horn's home, where he worked, was a very sexualized environment.  Preiss also claims that Horn eventually fired him after Preiss continued to turn down Horn's overtures.

Preiss then filed a complaint with the Equal Employment Opportunity Commission and, later, a complaint in the Eighth Judicial District Court for the State of Nevada ("State Court") against Horn and his separate company, S&R Production Company.  Defendants removed this case under federal question jurisdiction because of the Title VII employment discrimination claims included in the complaint.  Defendants then brought a motion to dismiss the Title VII claims and certain of the state law claims.  Almost three months after the motion to dismiss became ripe, Plaintiffs filed a notice of voluntary dismissal purporting to dismiss Plaintiffs' federal causes of action.  Concurrently, Plaintiffs filed a motion to remand claiming that their notice of voluntary dismissal destroyed this Court's subject matter jurisdiction.  The parties briefed this motion as well and then the day before this Court issued its order on both the motion to dismiss and the motion to remand, Plaintiffs filed a second notice of voluntary dismissal purporting to dismiss Plaintiffs' remaining claims.  The Court then issued its order granting Plaintiffs request to voluntarily dismiss its federal claims, dismissing Plaintiffs' negligent infliction of emotional distress (NIED) and *respondeat superior* claims, denying Plaintiffs' motion to remand, and granting Plaintiffs request to voluntarily dismiss their state law claims remaining after the Court's dismissal.

After this order, Plaintiffs (along with other, new plaintiffs) apparently refiled their claims in state court minus the federal claims.  Defendants have now requested the Court to grant them fees under 28 U.S.C. § 1927 for having to bring their motion to dismiss, respond to Plaintiffs' motion to remand, and participate in an Early Neutral Evaluation session.  Defendants also request that the Court enter a separate judgment and Plaintiffs request that the Court grant

AO 72
(Rev. 8/82)

1   them relief from its order dismissing their state law claims.  For the reasons discussed below, the

2   Court grants Defendants' motions and denies Plaintiffs' motion.

3                                     **DISCUSSION**

4   **I.     Motion for Attorneys' Fees under 28 U.S.C. § 1927**

5            Defendants seek fees relating to their motion to dismiss as regards Plaintiffs'

6   negligent infliction of emotional distress (NIED) claims and Title VII claims and relating to

7   Plaintiffs' motion to remand.  The Court will address Plaintiffs' counsel's[1] conduct as regards each

8   motion separately.

9        **A.     Standard**

10           When a party's counsel "multiplies the proceedings in any case unreasonably and

11   vexatiously," the Court may require that counsel "to satisfy personally the excess costs, expenses,

12   and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927; *see also*

13   *Thomas v. Girardi*, 611 F.3d 1027, 1060-61 (9th Cir. 2010).  "A court can award § 1927 sanctions

14   only upon a finding of bad faith, which is present when an attorney acts with knowing recklessness

15   or argues a meritorious claim for the purpose of harassing the opposition."  *Mirch v. Frank*, 266

16   Fed. Appx. 586, 588 (9th Cir. 2008) (citing *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th

17   Cir. 2002)).  Thus, a district court appropriately awards fees under § 1927 when the opposing

18   attorney multiplies the proceedings by knowingly or recklessly making frivolous arguments.  *Maui*

19   *Police Dep't*, 276 F.3d at 1107.

20       **B.     Motion to Dismiss**

21           Plaintiffs wasted this Court's and Defendants' time and resources by challenging

22   Defendants' motion to dismiss.  Plaintiffs claims were not simply without merit, but blatantly and

23   undeniably so.  Plaintiffs, in fact, had to twist their words (lumping S&R and Horn together as a

24

25       _____

26       [1] As a general matter, when the Court refers to the Plaintiffs in this order, the Court is actually referring
to Plaintiffs' counsel as § 1927 addresses counsel action and a party's counsel pays a fees award under § 1927,
not the parties themselves.

AO 72
(Rev. 8/82)

1 defined term) and attempt to twist the law in order to defend the motion, and thereby violated their

2 duty of candor to the court and caused Defendants to incur excess fees as contemplated by § 1927.

3        **1.**     **NIED Claim**

4        Mrs. Priess' NIED claim was absurd.  In Nevada, a claim for NIED requires that the

5 plaintiff have been "located near the scene" of the incident and be "emotionally injured by the

6 contemporaneous sensory observance" of the acts precipitating the NIED claim.  *Grotts v. Zahner*,

7 989 P.2d 415, 516 (Nev. 1999).  Here, Mrs. Priess viewed the acts by video well after they actually

8 took place.  It is axiomatic that one cannot contemporaneously observe something when they first

9 observe it at a later date.  And since Mrs. Priess observed the incident by video tape at a later date,

10 it was perfectly clear that she was not located near the events when she observed them.  Plaintiffs

11 statement that "Beatrice Preiss was near the scene in that she directly observed the traumatic

12 events unfold via video, which contemporaneously related to the direct emotional shock she

13 suffered," demonstrates Plaintiffs willingness to ignore the law and prolong these proceedings with

14 baseless claims and frivolous arguments.  (Dkt. #17, Opp. at 14).  Rather than making this

15 ridiculous and nonsensical argument, Plaintiffs should have conceded this claim in their response

16 and not required Defendants to continue defending against it.  Since Plaintiffs did not, they

17 needlessly, unreasonably, and vexatiously multiplied the proceedings in bad faith.

18        **2.**     **Title VII Claim**

19        Mr. Priess' Title VII claim was not any better.  Any competent attorney practicing

20 employment law knows that a Title VII claim may only be brought against a plaintiff's employer.

21 *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503 (2006).  Plaintiffs attempted to conflate S&R

22 Production with Horn by defining them as "S&R *et al.*" and claiming that Preiss worked for S&R

23 *et al.*, or generically for Defendants.  This was simply not the case.  Mr. Preiss himself has stated

24 that he did not work for S&R Production, but for Horn.  (Dkt. #36, Ex. B, Letter from Mr. Preiss.)

25 Plaintiffs simply did not need discovery to determine who employed their client as they now

26 contend.  Thus, it was impossible for Plaintiffs to believe in any way that they could sustain a Title

1   VII claim against either S&R Production–not Preiss' employer–or Horn.  As with the NIED claim,

2   Plaintiffs should have conceded this claim in their response and not required Defendants to

3   continue defending against it.  Since Plaintiffs did not, they needlessly, unreasonably, and

4   vexatiously multiplied the proceedings in bad faith.

5       **C.    Motion to Remand**

6           Plaintiffs' motion to remand was based on patent misinterpretations of the law or,

7   worse, misrepresentations of the law.  The Court will not opine on which is more accurate, but

8   notes that it has the authority to award fees regardless of whether the motion was based on an

9   unacceptable, reckless misinterpretation and misunderstanding or on blatant and knowing

10  misrepresentations.

11          Plaintiffs' motion to remand was a bare four pages that attempted to wax eloquent

12  about subject matter jurisdiction and how Plaintiffs' attempted voluntary dismissal of their federal

13  claims deprived this court of jurisdiction.  Plaintiffs further argued that since they had eliminated

14  this Court's jurisdiction, the Court was *required* to remand this case to state court.  Neither of

15  these contentions held the least bit of merit.  First, Federal Rule of Civil Procedure 42(a)(1) only

16  allows a plaintiff to voluntarily dismiss their entire case, not mere pieces of it (further explained

17  below), and not to manipulate jurisdiction as Plaintiffs attempted.  Further, even had Plaintiffs

18  been permitted to dismiss their federal causes of action without leave of this Court, this did not

19  destroy the Court's supplemental jurisdiction over the remaining state law claims.  *See, e.g.*,

20  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009) (federal courts maintain

21  supplemental jurisdiction over state law claims after the federal claims creating original

22  jurisdiction are eliminated); *Albinga Versicherungs A.G. v. Schengker Int'l, Inc.*, 344 F.3d 931,

23  937 (9th Cir. 2003) (same).

24          Plaintiffs could have argued (after being granted leave to amend and dismiss their

25  federal claims) that this Court should have declined to exercise its supplemental jurisdiction.

26  *Carlsbad*, 129 S. Ct. at 1866 (under 28 U.S.C. § 1367, district courts have discretion to decline to

5

1  exercise supplemental jurisdiction where they have dismissed all claims over which they had

2  original jurisdiction).  Yet, Plaintiffs did not argue that the Court should decline supplemental

3  jurisdiction until their response to the motion for fees (and did not even wait until the Court had

4  actually dismissed their federal claims).  Instead, Plaintiffs argued that they had destroyed this

5  Court's subject matter jurisdiction over the case and ignored (or failed to research) the controlling

6  precedent on supplemental jurisdiction, which they now admit controls.  Thus, Plaintiffs'

7  arguments were knowingly frivolous as they do not even contend that they were unaware of the

8  controlling case law.  And even if Plaintiffs were unaware, this was reckless as a simple search

9  would have revealed the controlling precedent.  At best Plaintiffs' argument was frivolous and

10  recklessly unfounded.

11  **D.   Fees Award**

12  Because of the baselessness of Plaintiffs opposition to the NIED and Title VII

13  claims and the motion to remand, and because of the subjective bad faith demonstrated by

14  Plaintiffs arguments and method[2] of litigating this case, the Court awards attorneys' fees to

15  Defendants.  However, the Court will not do so in the amount requested for the following reasons.

16  First, § 1927 does not apply to an initial pleading, or in other words, a complaint.  *Moore v.*

17  *Keegan Mgmt. Co. (In re Keegan Mgm.t Co., Sec. Litig.)*, 78 F.3d 431, 435 (9th Cir. 1996).  Thus,

18  the Court will not grant fees for initially moving to dismiss the complaint because if Plaintiffs had

19  conceded these issues in their response they would not have multiplied the proceedings.  *See id*.

20  However, the Court will grant (reduced) fees for Defendants' Reply (Dkt. #23) since Plaintiffs

21  worthless arguments in their Response (Dkt. #17) did multiply these proceedings.  Second,

22  applying the lodestar method, Defendants arrived at a lodestar rate of $452.53.  The Court

23

24   [2] The Court refers to Plaintiffs use of thinly veiled threats (Dkt. #36, Ex. F, email from Mike Meier dated July 30, 2010; Ex. G, email from Mike Meier dated June 4, 2010), use of tabloid media to pressure Defendants

25  (*id*., Ex. D, National Enquirer article), dishonesty with this Court (*compare id*., Ex.  C, offer to settle for $500,000, *with* Dkt. #38, Opp. at 8:6-7 (Mr. Meier's communications do not discuss any dollar amount")), Plaintiffs continued arguments that they managed to deprive this Court of jurisdiction over this case, and other

26  conduct as described in Defendants motion and accompanying exhibits.

1   considers this excessive under the factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67,

2   69-70 (9th Cir. 1975), and reduces the lodestar rate from $452.53 to $350.00.  Finally, the Court

3   considers the amount of time Defendants spent on these issues was also excessive because the

4   NIED, Title VII, and remand issues were not complicated.  Rather, these issues were simple

5   because Plaintiffs arguments were frivolous and completely unfounded.  Therefore, the Court will

6   reduce the requested hours by one third to make both the time charged and amount charged

7   reasonable as required by § 1927.  As such, the Court awards fees for 53.7 hours opposing

8   Plaintiffs' motion to remand (Defendants originally requested 80.6 hours), the 17.3 hours for the

9   reply to the motion to dismiss (Defendants originally requested 25.9), and 35.9 for the Early

10  Neutral Evaluation session (Defendants originally requested 53.9).  This amounts to 106.9 hours

11  multiplied by $350, which equals $37,415.00, which the Court finds reasonable.  Therefore, the

12  Court awards Defendants fees in the amount of $37,415.00 rather than the $109.081.25 requested.

13  **II.      Request for Entry of Judgment**

14          The Court grants Defendants' request for an entry of judgment.  Plaintiffs contend

15  that this Court cannot enter judgment because its order (#35) dismissing some of Plaintiffs' claims

16  was a legal nullity as Plaintiffs had already voluntarily dismissed their claims with a Rule 41(a)(1)

17  notice.  Plaintiffs are incorrect.  In the Ninth Circuit, Plaintiffs cannot dismiss fewer than all of

18  their claims under Rule 41(a)(1).  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683,

19  687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not

20  allow for piecemeal dismissals.") (citing *Etheridge v. Harbor House Restaurant*, 861 F.2d 1389

21  (9th Cir. 1988)).  Piecemeal dismissals is exactly what Plaintiffs sought with their two separate

22  notices of voluntary dismissal as each notice sought to dismiss different subsets of Plaintiffs'

23  claims.  (*See*, Dkt. #31, filed Feb. 14, 2011, and #34, filed Mar. 16, 2011.)  Rather, "withdrawals

24  of individual claims against a given defendant are governed by [Rule] 15, which addresses

25  amendments to the pleadings."  *Id.* (citing *Etheridge*, 861 F.2d 1389).  Thus, it was not this

26  Court's order, but Plaintiffs' notices that were legal nullities.  The Court was free to ignore them

7

AO 72
(Rev. 8/82)

1     or treat them as motions for leave to amend the complaint.  The Ninth Circuit cases Plaintiffs cite

2     for the contrary proposition did not actually deal with the issue present in this case and therefore

3     any commentary on this issue was mere dicta and not binding precedent.  *See generally*, *Wilson v.*

4     *City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (addressing whether a plaintiff could dismiss

5     fewer than all parties, not fewer than all claims).[3]

6             Since Plaintiffs no longer qualified for amendment as a matter of right under Rule

7     15, Plaintiffs' notices required an order from this Court essentially granting amendment or leave to

8     amend to become effective.  *See Hells Canyon*, 403 F.3d at 687–88.  In its order, the Court granted

9     leave to amend by dismissing Plaintiffs' Title VII claims and the state law claims that remained

10     pending after the Court separately dismissed the NIED and *respondeat superior* claims.  Thus, the

11     Court may enter judgment on the NIED and *respondeat superior* claims.

12   **III.      Motion for Relief from Order under Rule 60(b)**

13             No.  The Court is unsure what more it need say.  Plaintiffs motion, which is

14     essentially a motion for reconsideration, seeks to have the Court declare its prior order void on

15     faulty legal grounds.  Plaintiffs motion is nothing more than a rehash of its opposition to

16     Defendants' motion for entry of judgment, which the Court granted above.  Thus, the same

17     analysis applies.  The Court's order on Plaintiffs' NIED and *respondeat superior* claims was not

18     void because Plaintiffs' notices of voluntary dismissals were ineffective when filed as this Circuit

19     does not allow for piecemeal dismissal under Rule 41(a)(1).  *Hells Canyon*, 403 F.3d at 687 ("In

20     the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal

21     dismissals.") (citing *Etheridge*, 861 F.2d 1389).  Accordingly, the Court denies Plaintiffs' motion

22     as there are no grounds to grant relief from the Order.

23

24

25   _____

26       [3] *See also*, *Hamilton v. Shearson-Lehman American Express, Inc.*, 813 F.2d 1532, 1534 (9th Cir. 1987) (addressing timing of Rule 41(a)(1) notices); *Miller Reddin*, 422 F.2d 1264 (9th Cir. 1970) (same).

AO 72
(Rev. 8/82)

1

## CONCLUSION

2     Accordingly, and for good cause appearing,

3     IT IS HEREBY ORDERED that Defendants' Motion for Attorneys' Fees (#36) is

4 GRANTED as follows:

5          •     Plaintiffs counsel is sanctioned in the amount of $37,415.00 under 28

6                U.S.C. § 1927.

7     IT IS FURTHER ORDERED that Defendants Motion for Judgment to Be Entered

8 (#37) is GRANTED.

9     IT IS FURTHER ORDERED that Plaintiffs Motion to Revise/Withdraw Order

10 (#41) is DENIED.

11     Dated: September 20, 2011.

12

13

14

**ROGER L. HUNT**
**United States District Judge**

15

16

17

18

19

20

21

22

23

24

25

26